VICTOR EISENSTEIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Eisenstein v. Commissioner
Docket No. 27150-85.
United States Tax Court
T.C. Memo 1987-241; 1987 Tax Ct. Memo LEXIS 239; 53 T.C.M. (CCH) 811; T.C.M. (RIA) 87241; May 11, 1987. *239 Held, the affirmative allegations in R's answer were deemed admitted under Rule 37(c), Tax Court Rules of Practice and Procedure. Such allegations deemed admitted are sufficient to sustain deficiencies for the taxable years 1980 and 1981 against petitioner. Held further, the allegations deemed admitted are sufficient to satisfy R's burden of proving fraud under sec. 6653(b) with respect to the taxable years 1980 and 1981. Doncaster v. Commissioner,77 T.C. 334 (1981), followed. Held further, the statute of limitations is not a bar to assessment and collection of the deficiencies. Victor Eisenstein, pro se. Magda Abdo-Gomez and Will E. McLeod, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Peter J. Panuthos for the purpose of hearing, consideration, and ruling on respondent's Motion for Summary Judgment, filed herein. [1] *240 After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment filed on December 23, 1986, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.
In his notice of deficiency, dated April 12, 1985, respondent determined deficiencies and additions to tax for the taxable years 1980 and 1981 as follows: Additions to Tax
Year
Deficiency
Under Section 6653(b)
1980
$20,211.00
$10,106.00
1981
$19,036.00
$9,518.00
The adjustments in the notice of deficiency are as follows: Adjustments to Income
1980
1981
Unreported Income
$28,929.00 $38,900.00 Schedule C - Commissions
(Disallowed expense)
19,000.00 Schedule A - Contributions
(91.00)
Employee Business Expenses
2,223.00 Schedule A - Taxes
(178.00)
(57.00)
Schedule A - Medical
424.00 Total Adjustments
$48,175.00 $40,975.00 The basis for respondent's determination of unreported income for the taxable years 1980 and 1981, was determined by reference to bank deposits and cash payments. At the time of filing the petition herein, petitioner *241 resided at North Miami Beach, Florida. PROCEDURAL BACKGROUND After issuance of the notice of deficiency, dated April 12, 1985, a petition was filed on July 15, 1985. [2] Respondent's Answer was filed on July 21, 1986. [3] *242 In his Answer, respondent makes affirmative allegations in support of the additions to tax for fraud under section 6653(b) and in support of his defense that the statute of limitations does not bar assessment and collection of the deficiencies. No reply having been filed, respondent's Motion for Entry of Order that Undenied Allegations in Answer Be Deemed Admitted was filed on October 6, 1986. The motion was granted on November 10, 1986. [4] Based on the granting of respondent's motion, the affirmative allegations set forth in paragraphs 7(a) through (s) and 8(a) through (e) of respondent's Answer are deemed admitted. On December 23, 1986, respondent's Motion for Summary Judgment was filed. [5] When this matter was called for hearing at the Motions Session of the Court in Washington, D.C. on February 25, 1987, no appearance was made by or on behalf of petitioner. Counsel for respondent appeared and presented argument in support of his motion. Since no response was received to the Notice of Hearing, dated January 14, 1987, and, further, since there was no appearance by petitioner, the Court issued an Order to show cause, dated February 26, 1987, directing that petitioner be served by regular mail in addition to normal service. The Order further directed that service be made *243 on Thomas A. Lopez, a C.P.A. located in South Miami, Florida. [6] *244 The following findings of fact are based upon the record including allegations in respondent's Answer, which have been deemed admitted. FINDINGS OF FACT During the taxable years 1980 and 1981, petitioner was a salesman and architect. Petitioner derived taxable income from these activities. Petitioner failed to maintain or submit for examination by respondent, complete and adequate books of accounts and records of his income-producing activities for the taxable years 1980 and 1981. As a result of petitioner's failure to keep adequate books of account and records, and refusal to furnish to respondent such records, petitioner's correct adjusted gross income for the taxable years 1980 and 1981 was determined by use of the bank deposits and cash expenditures method. The increase in adjusted gross income of petitioner for the taxable years 1980 and 1981 is as follows: 1980
1981
Total Bank Deposits
$80,638.00
$61,407.00
Total Cash Expenditures
20,568.00
Less: Reduction for
Nontaxable Sources
51,709.00
43,075.00
Net Taxable Deposits
28,929.00
38,900.00
Disallowed Deductions
19,246.00
2,075.00
Increase in Adjusted
Gross Income
$48,175.00
$40,975.00
*245 During the taxable years 1980 and 1981, petitioner did not receive any nontaxable or excludable income, receipts, cash, or other assets, other than that accounted for in the above schedule. Petitioner, during the taxable years 1980 and 1981, did not receive any gifts, inheritances, legacies or devises. The correct income tax liability, the amount shown on his return and the understatement of income tax liability are set forth as follows: 1980
1981
Corrected Tax Liability
$22,955.00
$23,980.00
Less: Tax Shown on Return
2,744.00
4,944.00
Understatement of Tax Liability
$20,211.00
$19,036.00
Petitioner's failure to maintain complete and accurate records of his income-producing activities and his failure to produce complete and accurate records to respondent in connection with examination of petitioner's income tax returns for the taxable years 1980 and 1981 was fraudulent with the intent to evade tax. Petitioner fraudulently and with intent to evade tax made false and misleading statements to respondent's agents during the examination of petitioner's income tax returns. Part of the underpayment of tax required to be shown on petitioner's return for each of the taxable years 1980 and 1981 is due *246 to fraud. Petitioner's income tax return for the taxable year 1980 was filed on April 15, 1981. On March 1, 1984, petitioner executed an agreement in writing pursuant to the provisions of section 6501(c)(4) extending the period for assessment to a period on or before the 90th day after (a) the Internal Revenue Service received a Form 872T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, or (b) the Internal Revenue Service mails Form 872T to the taxpayers, or (c) the Internal Revenue Service mails a notice of deficiency. With respect to the taxable year 1981, petitioner's Federal income tax return was filed on April 15, 1982. The notice of deficiency with respect to the taxable years 1980 and 1981 was issued on April 12, 1985. Respondent did not receive a Notice of Termination of Special Consent to Extend the Time to Assess Tax from petitioner for the taxable year 1980. The assessment and collection of deficiencies in income tax for the taxable years 1980 and 1981 as set forth in the notice of deficiency are not barred by the statute of limitations. [7] *247 OPINION Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy if there are no genuine issues of material fact. Rule 121(b). The burden of proving that there are no genuine issues of material fact is on the moving party. Espinoza v. Commisisoner,78 T.C. 412, 416 (1982). The factual allegations in the answer respecting respondent's determination of a deficiency in income tax for the taxable years 1980 and 1981 have been deemed admitted. Accordingly, we conclude that there is no genuine issue of material fact with respect to the deficiency determination. Respondent is entitled to a judgment respecting that determination as a matter of law. [8]
With respect to the additions to tax under section 6653(b) the burden of proof is on respondent to prove by clear and convincing evidence that an underpayment exists *248 and that a part of the underpayment of tax is due to fraud with the intent to evade tax. Section 7454(a); Rule 142(b); Grosshandler v. Commissioner,75 T.C. 1 (1980); Stratton v. Commisisoner,54 T.C. 255 (1970). We have previously determined that respondent's burden can be satisfied through the undenied facts deemed admitted under Rule 37(c). Doncaster v. Commissioner,77 T.C. 334 (1981) (a Court reviewed opinion).[9] The material factual allegations in the answer with respect to fraud which have been deemed admitted clearly and convincingly establish that for the taxable years 1980 and 1981 an underpayment of tax exists and part of the underpayment is due to fraud with intent to evade tax. Furthermore, the material factual allegations in the answer with respect to respondent's defense that the statute of limitations is not a bar to assessment and collection of *249 the deficiencies are sufficient to establish that the statute of limitations has not expired for the taxable years in issue. Furthermore, since a part of the underpayment of tax for the taxable years 1980 and 1981 is due to fraud with intent to evade tax, the statute is open under section 6501(c)(1). Vannaman v. Commissioner,54 T.C. 1011, 1018 (1970). Since there is no genuine issue as to any material fact present in the record, respondent is entitled to a decision as a matter of law. Respondent's Motion for Summary Judgment will be granted. An appropriate order and decision will be entered.
Footnotes
1. This case was assigned pursuant to section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.
2. At the time of filing the petition herein, petitioner resided at Miami, Florida. ↩
3. Respondent's Motion to Dismiss for Lack of Jurisdiction was filed on August 27, 1985 and denied on September 9, 1985. On June 23, 1986, respondent's Motion for Leave to File Answer Out of Time was filed with the Court. In his motion, counsel for respondent alleged that he did not become aware until June 17, 1986 that the Motion to Dismiss had been denied and, accordingly, the time had passed for filing a timely answer. The Court granted respondent's Motion for Leave to File Answer Out of Time on July 21, 1986 and respondent's Answer was filed as of that date. 4. The Court attempted to serve a Notice of Filing of Motion for Order Under Rule 37↩ on petitioner on October 10, 1986. The notice was returned to the Court and the envelope was marked "unclaimed". The notice was remailed to petitioner.
5. By notice, dated January 14, 1987, the Court served a Notice of Hearing as well as a copy of respondent's Motion for Summary Judgment on petitioner. When this notice was returned to the Court, the notice was remailed by regular mail on February 13, 1987. The address used by the Court was 19355 N.E. 36th Court, North Miami Beach, Florida 33180. This address is reflected in the petition, filed July 15, 1985, as well as an objection, filed July 21, 1986. ↩
6. A review of the Court's file revealed an envelope postmarked on September 6, 1985 from Miami, Florida with a return address of Thomas A. Lopez, Certified Public Accountant. It would appear that petitioner's Notice of Objection, filed September 9, 1985, was forwarded in this envelope. Accordingly, the Court being unsure as to whether petitioner had received any of the notices from the Court, attempted to contact petitioner through Mr. Lopez. On March 23, 1987, the Court received a letter from Mr. Lopez in which he requested an opportunity to present this case to the Miami Appeals Office. A representative of the Clerk's Office informally contacted Mr. Lopez on March 25 and, again, on March 27, 1987 and asked if he had a better address for petitioner. Mr. Lopez was unable to provide any further address for petitioner.
7. In any event, since part of the underpayment of tax for the taxable years 1980 and 1981 is due to false or fraudulent returns with the intent to evade tax, the assessment and collection of the deficiencies is not barred by the statute of limitations. Section 6501(c)(1).
8. There is ample support for use of a reconstruction of income. Holland v. United States,348 U.S. 121 (1954); Bedeian v. Commissioner,54 T.C. 295↩ (1970).
9. See also Marshall v. Commissioner,85 T.C. 267 (1985); Dimsdale v. Commissioner,T.C. Memo. 1987-53; Ricotta v. Commissioner,T.C. Memo. 1986-508; Twist v. Commissioner,T.C. Memo. 1986-497; Siravo v. Commissioner,T.C. Memo. 1986-482; Jackson v. Commissioner,T.C. Memo. 1986-15↩ (see especially cases cited at n. 8 therein).