**Lee ALEXANDER, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 1040, Docket 90–4126.**

United States Court of Appeals, Second Circuit.

Argued Feb. 13, 1991.

Decided Feb. 15, 1991.

Harold J. Boreanaz, Buffalo, N.Y., for petitioner-appellant.

Shirley D. Peterson, Asst. Atty. Gen., U.S. Dept. of Justice, Washington, D.C. (Gary R. Allen, Ann B. Durney, Nancy G. Morgan, Tax Div., U.S. Dept. of Justice, Washington, D.C.), for respondent-appellee.

Before PIERCE, WINTER and WALKER, Circuit Judges.

PER CURIAM:

Lee Alexander, who at all times pertinent to this appeal was incarcerated in a federal prison, appeals from the entry of summary judgment in favor of the Commissioner. On appeal, he argues that summary judgment was inappropriate because the Commissioner's requests for admissions should not have been deemed admitted for failure to respond. We disagree. Tax Court Rule 90(c) provides in pertinent part:

Each matter [contained in a request for admission] is deemed admitted unless, within 30 days after service of the request ... the party to whom the request is directed serves upon the requesting party (1) a written answer specifically admitting or denying the matter involved in whole or in part, or asserting that it cannot be truthfully admitted or denied and setting forth in detail the reasons why this is so, or (2) an objection, stating in detail the reasons therefor.

Rules of Prac. & Proc. of the United States Tax Ct., 26 U.S.C. app., Rule 90(c) (1988). In his brief, Alexander claims that he "responded to [the Commissioner's] requests on at least three separate occasions." However, these purported responses were in part not on point, were wholly conclusory and unsworn when on point, and all occurred well after the expiration of the thirty-day period for responding to the Commissioner's requests.

On March 27, 1989, the Commissioner filed requests for admission, effecting service on Alexander's counsel by certified mail. No response was made within the thirty-day period. Nor were objections made to the requests or an extension sought. Seven weeks later, on May 19, Alexander's counsel sought and later received a trial date continuance. Alexander now argues that the Commissioner was, at the time the continuance was sought, "aware that appellant was inaccessible to his counsel for purposes of trial" and "surely aware that the discovery requests would also be delayed for this same reason." The Commissioner may well have been aware that Alexander was incarcerated in a federal prison, but whether or why the Commissioner was aware that discovery could not proceed is hardly obvious. Moreover, the seeking of a continuance of the trial date is hardly a substitute for failing to respond to the requests for admissions weeks before.

On May 19, the Commissioner moved for summary judgment on the grounds that the requests for admission were deemed admitted, and that no material facts were disputed. On July 10, Alexander moved for a continuance of the summary judgment proceeding. Because the Commissioner's summary judgment motion rested on the failure to respond to the requests for admission, Alexander's counsel for the first time offered a reason for that failure, stating that, as a result of Alexander's incarceration and need for psychiatric care, counsel was having difficulty obtaining the information needed to answer the Commissioner's requests. In the same papers, Al-

exander sought, also for the first time, "additional time to respond" to the requests. Finally, on August 14, Alexander's counsel filed opposing papers in the summary judgment proceeding, offering the same explanation for the failure to respond to the requests for admission. Appended to these papers were handwritten documents, labeled "In Haste," purporting to be drafts of responses to some of the requests for admissions. The papers stated that these documents were written by appellant to assist counsel and contained some of the information needed for counsel to defend the case.

Counsel did not, however, move to withdraw or modify the admitted matters under Tax Court Rule 90(f). Rule 90(f) states in pertinent part:

> Any matter admitted under this Rule is conclusively established unless the Court *on motion* permits withdrawal or modification.... [W]ithdrawal or modification may be permitted when the presentation of the merits of the case will be subserved thereby, and the party who obtained the admission fails to satisfy the Court that the withdrawal or modification will prejudice him in prosecuting his case or defense on the merits.

(Emphasis added). Under this rule, Alexander's counsel could have sought from the Tax Court precisely the balancing of equities he now seeks on appeal. Such a motion would also have occasioned the making of a record as to what efforts to respond to the requests had been made and why they had failed, matters that were not illuminated by counsel's unsworn and conclusory statements in the opposition to the motion for summary judgment.

We therefore believe the Tax Court acted within its discretion in deeming the matters in the unanswered requests for admission to be admitted and in granting the motion for summary judgment. It is not the role of appellate courts to make allowances for the patent disregard of clearly stated trial court rules that are in part designed to provide for the expeditious conclusion of litigation. Moreover, although Alexander's incarceration or medical care might have been regarded as cause for some delay upon a proper motion, counsel's belated, unsworn and conclusory assertions failed to detail the efforts made to respond to the requests and why they failed. There was, therefore, no evidentiary basis for believing that Alexander had been unable to comply with Tax Court Rule 90(c) in a timely fashion. Accordingly, the Tax Court followed its own unambiguous rule regarding requests for admission.

Affirmed.