TOMMY G. ASHER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Asher v. Commissioner
Docket No. 14234-91
United States Tax Court
T.C. Memo 1992-377; 1992 Tax Ct. Memo LEXIS 399; 64 T.C.M. (CCH) 15; July 6, 1992, Filed *399 An appropriate order will be issued. For Tommy G. Asher, pro se. For Respondent: Blaise Gately and Timothy S. Sinnott. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was heard by Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Chief Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Chief Special Trial Judge: This case is before the Court on respondent's motion for partial summary judgment, [2] pursuant to Rule 121, with respect to all issues set forth in the notice of deficiency and in the affirmative allegations contained in the answer to the amended petition. *400 In the notice of deficiency dated April 2, 1991, respondent determined the following deficiencies in and additions to petitioner's [3] Federal income taxes: Year
Deficiency
Additions to Tax
Sec. 6653(b)(1)
Sec. 6653(b)(2)
1983
$ 73,359
$ 36,679.50
50% of the interest
due on $ 73,359
1984
$ 55,156
$ 27,578
50% of the interest
due on $ 55,156
1985
$ 51,233
$ 25,616.50
50% of the interest
due on $ 51,233
A timely petition was filed on July 2, 1991, at which time petitioner resided in Terre Haute, Indiana. In response to the Court's order dated July 5, 1991, an amended petition was filed on August 30, 1991, in which petitioner alleged that respondent failed to allow him additional business expense deductions offsetting the income determined in the notice of deficiency. Petitioner has not assigned errors regarding adjustments relating to a child care credit and self-employment *401 taxes. Respondent's answer to the amended petition makes affirmative allegations of fact in support of the determinations that petitioner had unreported income and is liable for the additions to tax for fraud pursuant to section 6653(b)(1) and (2). Petitioner did not file a reply and respondent filed a motion for the entry of an order that the undenied allegations in the answer to the amended petition be deemed admitted under Rule 37(c). The Court notified petitioner of the filing of this motion, and advised him that if he did not file a reply to respondent's affirmative allegations of fact, the motion would be granted. No reply or response was received from petitioner; thus, respondent's motion was granted and the affirmative allegations of fact were deemed admitted. The following facts in respondent's answer to the amended petition were deemed admitted under Rule 37(c): 6. FURTHER ANSWERING the petition and in support of the determination that the underpayments of tax required to be shown on the petitioner's income tax returns for the taxable years 1983, 1984 and 1985 is due to fraud, the respondent alleges: (a) Tommy G. Asher, hereinafter known as the petitioner, sold *402 used vehicles in the taxable years 1983, 1984 and 1985. (b) Some of the vehicles which were sold were purchased at auction. However, the vast majority of the vehicles which Mr. Asher sold were stolen vehicles. (c) The petitioner is currently serving a term of imprisonment after pleading guilty to one count of subscribing to a false return for the taxable year 1983, one count of trafficking in stolen motor vehicles, and one count of conspiracy to traffic in stolen vehicles. (d) The petitioner fraudulently, and with intent to evade taxes for the taxable years 1983, 1984 and 1985, filed false income tax returns for said years that omitted gross receipts from the sale of motor vehicles as follows: (1) Petitioner's return for 1983 only included part of his income from the sales of motor vehicles made by him resulting in an omission of $ 163,950.00 in gross receipts from the Schedule C, profit or loss from business or profession for wholesale cars, attached to the Form 1040 for said year. (2) In 1983, the petitioner sold vehicles to the following auto dealers on the dates shown and for the amounts listed below: DATE
SOURCE
AMOUNT
03-21-83
Car Center, Inc.
$ 6,850.00
04-12-83
Car Center, Inc.
7,000.00
05-12-83
Car Center, Inc.
12,500.00
05-18-83
Car Center, Inc.
9,000.00
05-31-83
Car Center, Inc.
13,500.00
06-24-83
Car Center, Inc.
10,000.00
06-24-83
Car Center, Inc.
12,500.00
07-20-83
Car Center, Inc.
8,900.00
07-27-83
Car Center, Inc.
4,400.00
08-24-83
Car Center, Inc.
9,200.00
08-24-83
Car Center, Inc.
6,500.00
09-16-83
Slayton's
9,000.00
09-23-83
Slayton's
9,000.00
10-18-83
Slayton's
10,100.00
10-27-83
Draper
9,200.00
10-27-83
Draper
5,400.00
11-10-83
Draper
9,200.00
11-29-83
Whitman
8,200.00
12-14-83
Whitman
12,000.00
TOTAL SALES
$ 172,450.00
Schedule C Income Per Return
8,500.00
Omitted Income
$ 163,950.00
*403 (3) Petitioner's return for 1984 only included part of his income from the sales of motor vehicles made by him resulting in an omission of $ 129,200.00 in gross receipts from the Schedule C, profit or loss from business or profession for wholesale cars, attached to the Form 1040 for said year. (4) In 1984, the petitioner sold vehicles to the following auto dealers on the dates shown and for the amounts listed below: DATE
SOURCE
AMOUNT
01-07-84
Whitman
$ 5,200.00
02-23-84
Whitman
8,900.00
03-08-84
Whitman
11,000.00
03-30-84
Draper
9,400.00
04-12-84
Whitman
7,000.00
04-21-84
Whitman
10,500.00
05-31-84
Whitman
8,000.00
07-14-84
Whitman
6,350.00
07-24-84
Draper
9,600.00
08-02-84
Draper
8,000.00
08-22-84
Draper
10,000.00
09-06-84
Tompkinsville
6,400.00
10-04-84
Glope
9,000.00
10-27-84
Draper
5,000.00
11-12-84
Draper
9,400.00
11-02-84
Draper
9,200.00
11-26-84
Draper
8,250.00
12-26-84
Tompkinsville
6,000.00
TOTAL SALES
$ 147,200.00
Schedule C Income Per Return
18,000.00
Omitted Income
$ 129,200.00
(5) Petitioner's return for 1985 only included part of his income from the sales of motor vehicles made by him resulting in an omission of $ 118,836.00 *404 in gross receipts from the Schedule C, profit or loss from business or profession for wholesale cars, attached to the Form 1040 for said year. (6) In 1985, the petitioner sold vehicles to the following auto dealers on the dates shown and for the amounts listed below: DATE
SOURCE
AMOUNT
01-18-85
Draper
$ 8,500.00
03-07-85
Draper
8,500.00
05-10-85
Draper
4,900.00
05-24-85
Draper
5,000.00
05-24-85
Draper
3,600.00
06-27-85
Whitman
9,000.00
06-27-85
Whitman
11,400.00
07-29-85
Whitman
8,500.00
07-29-85
Whitman
8,000.00
08-16-85
Draper
5,000.00
08-16-85
Draper
7,500.00
08-22-85
Draper
4,200.00
08-22-85
Draper
5,000.00
08-27-85
Draper
4,500.00
08-27-85
Draper
5,000.00
09-03-85
Draper
6,200.00
10-13-85
Reusch
8,500.00
11-02-85
Reusch
7,600.00
11-02-85
Draper
5,000.00
11-02-85
Draper
4,200.00
11-27-85
Draper
9,000.00
11-29-85
Glenn's Cars
8,500.00
11-29-85
Glenn's Cars
10,000.00
TOTAL SALES
$ 157,600.00
Schedule C Income Per Return
38,744.00
Omitted Income
$ 118,856.00
(e) The petitioner made false statements to the Agents of the respondent when he stated that his tax returns for the taxable years 1983 and 1984 reflected *405 all of his income to the best of his knowledge, and that he had supplied his return preparer with all of the records necessary for the preparation of his returns. (f) The petitioner made false statements to the Agents of respondent by stating that he had no business bank account. The petitioner stated that all of his checks and deposits relating to his business went through his personal checking account at American Fletcher National Bank (now Bank One) in Indianapolis. In fact, the petitioner maintained a bank account in the name of Tom Asher Auto Sales at American Fletcher National Bank, into which he deposited $ 144,000.00 and $ 161,760.00 in 1983 and 1984, respectively. (g) The petitioner failed to disclose all of his income and business expenses to his return preparers for the taxable years 1983, 1984 and 1985. (h) The petitioner took other action in order to conceal his true source of income from third parties. The petitioner falsified an application for a mortgage loan at First Indiana Federal Savings Bank in 1983, by stating that he was an employee of United Exteriors, Inc., in Evansville, Indiana, and had been employed by them for a period of twelve years. First *406 Indiana Federal Savings Bank subsequently sent a request for verification of employment to United Exteriors, Inc., and received a partially completed, false verification of employment back. A subsequent verification was sent because the first verification was not completed, and that second verification of employment also indicated that the petitioner worked for the company when, in fact, he did not. (i) The petitioner admitted to the Agents of the respondent that he depreciated his garage and his home on the Schedule C's, which were filed with his returns, although he does not utilize the garage at his home in his wholesale car business. This was an admission by the petitioner that he knew that the tax returns which he filed were not true and accurate. (j) Respondent's determination of the omission of the specific items of income is further corroborated by the fact that on a financial statement filed by the petitioner on August 26, 1983, with First Indiana Federal Savings Bank, he listed his net worth as being $ 158,624.49, and on June 22, 1984, he submitted a financial statement to Morris Plan stating that he had a net worth of $ 290,168.59. These financial statements are *407 inconsistent with the amount of taxable income as reported on Mr. Asher's returns for the years in issue and, also, for prior years and show his awareness of his true income. (k) The determination of the respondent is also corroborated by the fact that petitioner acquired substantial assets during the years in issue. The petitioner was a drag racer who raced under the name of "Hot & Nasty." His racing equipment was considered "top of the line," and it included a 1985 Corvette Alcohol Funny Car, a 1985 Corvette Super Gas Car, and a rear engine dragster. In addition, the petitioner owned two special customized Dyna Star trailers, which were used to haul his drag racing cars. (l) The petitioner told the Agents of respondent that he did not maintain any books and records with respect to the sales of the vehicles and the respondent has never been shown any records with respect to this business activity. (m) The petitioner's fraudulent omission of the income from the sales of vehicles on his income tax returns filed for 1983, 1984 and 1985, is part of a three-year pattern of intent to evade taxes. (n) The petitioner understated his taxable income on his income tax returns *408 for the taxable years 1983, 1984 and 1985, in the amounts of $ 160,697.00, $ 126,037.00, and $ 118,563.00, (o) The petitioner understated his income tax liabilities on his income tax returns for the taxable years 1983, 1984 and 1985, in the amounts of $ 73,359.00, $ 55,156.00, and $ 51,233.00, respectively. (p) The petitioner's failure to produce records or other information as to the sales of the vehicles to the respondent in connection with the examination of his income tax returns for the taxable years 1983, 1984 and 1985, was fraudulent with intent to evade tax. (q) The underpayments of taxes required to be shown on the petitioner's income tax returns for the taxable years 1983, 1984 and 1985 is due to fraud with intent to evade taxes. 7. FURTHER ANSWERING the petition and as a defense that the statute of limitations does not bar the assessment and collection of the deficiencies in income taxes due from the petitioner for the taxable years 1983, 1984 and 1985, the respondent alleges: (a) The income taxes due from the petitioner for the taxable years 1983, 1984 and 1985, may be assessed, or a proceeding in Court for the collection of such taxes may be begun without *409 assessment at any time, under the provisions of I.R.C. § 6501(c)(1), since the petitioner filed false and fraudulent income tax returns for said years with intent to evade tax as is more fully set forth by the facts alleged in paragraph 6 above, which facts are incorporated herein by reference and relied upon by the respondent as a defense to any issue involving the statute of limitations. 8. FURTHER ANSWERING the petition with respect to the taxable years 1984 and 1985, the income taxes due from the petitioner are not barred from assessment and collection by the statute of limitations and may be timely assessed pursuant to the provisions of I.R.C. § 6501(e)(1)(A), in support of which the respondent alleges as follows: (a) The petitioner's income tax returns for the taxable years 1984 and 1985, were filed on April 15, 1985 and October 17, 1986, respectively. (b) The amount of gross income stated in the income tax return filed by the petitioner for the taxable year 1984, was as follows: Wages
$ 26,291.00
Refunds of State and Local Income Taxes
165.00
Gross Receipts - Schedule C
18,000.00
Rental Income
1,500.00
Gross Income Reported
$ 45,956.00
(c) The amount *410 of gross income stated in the income tax return filed by the petitioner for the taxable year 1985, was as follows: Wages
$ 24,019.00
Refunds
36.00
Gross Receipts- Schedule C
38,744.00
Rental Income
$ 1,325.00
Gross Income Reported
$ 64,124.00
(d) During the taxable years 1984 and 1985, the petitioner received additional income of $ 129,200.00 and $ 118,856.00, respectively, as is more fully set forth by the facts alleged in paragraph 6 above. (e) The additional income of $ 129,200.00, and $ 118,856.00, received in the taxable years 1984 and 1985, respectively, was properly includible in gross income for the taxable years 1984 and 1985. (f) The $ 129,200.00 and $ 118,156.00 of gross income for the taxable years 1984 and 1985, respectively, which the petitioner received and which was omitted from the income tax returns filed by the petitioner for the taxable years 1984 and 1985, is in excess of 25-percent of the gross income reported in each of said returns. (g) The statutory notice of deficiency setting forth the respondent's determination of the petitioner's deficiencies for the taxable years 1984 and 1985, was timely sent to the petitioner by certified mail *411 on April 2, 1991, which date was prior to expiration of the six-year period for assessment applicable under I.R.C. § 6501(e)(1)(A). When the instant motion was called for hearing at a motions session of the Court in Washington, D.C., there was no appearance by or on behalf of petitioner. Counsel for respondent appeared and presented argument in support of the motion. Rule 121 provides that a party may move for summary judgment upon all or a part of the legal issues in controversy. Rule 121(b) provides for summary adjudication if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). The moving party bears the burden of proving that there is no genuine issue of material fact. Marshall v. Commissioner, 85 T.C. 267, 271 (1985). Factual inferences are read in a light most favorable to the party opposing summary judgment. Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); *412 Espinoza v. Commissioner, supra at 416. In the notice of deficiency, respondent determined that petitioner had unreported income for the years in issue. Respondent further determined that the understatements of income were due to fraud and that petitioner is liable for the additions to tax for fraud under section 6653(b)(1) and (2). In his amended petition, petitioner raises the issue of entitlement to further business expense deductions in computing his taxable income. Respondent bears the burden of proving by clear and convincing evidence that petitioner is liable for the additions to tax for fraud pursuant to section 6653(b). Sec. 7454(a); Rule 142(b). Fraud is a question of fact and is never presumed. Beaver v. Commissioner, 55 T.C. 85, 92 (1970). Respondent's burden is met if it is established that petitioner intended to evade taxes known to be owing or by proving conduct designed to conceal, mislead, or otherwise prevent the collection of such taxes. Estate of Upshaw v. Commissioner, 416 F.2d 737, 741 (7th Cir. 1969), affg. T.C. Memo. 1968-123; Webb v. Commissioner, 394 F.2d 366 (5th Cir. 1968), *413 affg. T.C. Memo. 1966-81. Respondent's burden of proving fraud can be met by allegations of fact deemed admitted pursuant to Rule 37(c). Doncaster v. Commissioner, 77 T.C. 334 (1981). [4]
The material factual allegations contained in respondent's answer to the amended petition and admitted under Rule 37(c) establish large amounts of omitted income in each of the years at issue. During those years, petitioner made sales of numerous motor vehicles, the proceeds of which he did not report on his returns. Accordingly, *414 we conclude that there is no genuine issue of material fact with respect to such unreported income. Respondent is therefore entitled to summary judgment on that issue. See Marshall v. Commissioner, 85 T.C. 267 (1985); Alexander v. Commissioner, T.C. Memo. 1990-315, affd. per curiam 926 F.2d 197 (2d Cir. 1991). With respect to the fraud additions on which respondent has the burden of proof, we find that the facts deemed to be admitted establish that petitioner consistently underreported his income by large amounts, which is indicative of fraud. See Holland v. United States, 348 U.S. 121, 127 (1954); Estate of Hill v. Commissioner, 59 T.C. 846 (1973). Petitioner concealed such unreported income by denying to respondent's agents the existence of a business bank account into which much of the unreported proceeds from the motor vehicle sales were deposited. In also concealing the fact of his additional income, petitioner falsely represented the source of his income when applying for a mortgage loan from a bank. Dishonesty in business transactions and willingness to defraud others is an *415 indication of fraud. Afshar v. Commissioner, T.C. Memo. 1981-241, affd. without published opinion, 692 F.2d 751 (4th Cir. 1982). Petitioner failed to maintain accurate books and records relating to his business activity, which is another indication of fraud. See Estate of Upshaw v. Commissioner, supra at 741; Liberty Asphalt Corp. v. Commissioner, T.C. Memo. 1985-145. Accordingly, the deemed admitted facts clearly and convincingly establish that for each of the taxable years 1983, 1984, and 1985, an underpayment of tax exists and that part of the underpayment is due to fraud with the intent to evade tax. See Smith v. Commissioner, 91 T.C. 1049, 1058 (1988), affd. 926 F.2d 1470 (6th Cir. 1991). There is no issue of material fact relating to the additions to tax for fraud, and respondent is entitled to summary judgment on that issue. We disagree with respondent that there are no genuine issues of material facts relating to the business expense deductions raised by petitioner in his amended petition. The affirmative allegations of fact which are deemed admitted *416 in this case do not pertain to additional expense deductions, and we do not interpret the finding that petitioner had unreported income as precluding the introduction of evidence establishing his entitlement to additional deductions. Accordingly, we will deny respondent's motion for summary judgment in this respect, and restore the case to the general docket for trial on such issue. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At the hearing on this motion respondent asked that the Court consider respondent's motion as one for "full" summary judgment and enter a dismissal and decision in this case. However, respondent acknowledges in the motion for partial summary judgment that "issues left for resolution are whether petitioner is entitled to additional expense deductions for the purchase of automobiles or any other expenses in excess of those previously allowed by respondent".↩
3. The notice of deficiency was sent to petitioner and Betty R. Asher. Betty R. Asher did not file a petition.↩
4. See also Marshall v. Commissioner, 85 T.C. 267 (1985); Eisenstein v. Commissioner, T.C. Memo. 1987-241; Dimsdale v. Commissioner, T.C. Memo. 1987-53; Ricotta v. Commissioner, T.C. Memo. 1986-508; Twist v. Commissioner, T.C. Memo. 1986-497; Siravo v. Commissioner, T.C. Memo. 1986-482; Jackson v. Commissioner, T.C. Memo. 1986-15↩.