CLARK G. DAVIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davis v. Commissioner
Docket No. 15996-92
United States Tax Court
T.C. Memo 1993-324; 1993 Tax Ct. Memo LEXIS 327; 66 T.C.M. (CCH) 183; July 21, 1993, Filed *327 Clark G. Davis, pro se. For respondent: Richard A. Stone and Blaise Gately. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was heard by Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Chief Special Trial Judge's opinion, which is set forth below. OPINION OF THE CHIEF SPECIAL TRIAL JUDGE PANUTHOS, Chief Special Trial Judge: This matter is before the Court on respondent's motion for summary judgment. As explained in more detail below, we agree with respondent that the issues in this case are ripe for summary adjudication. Background
On April 23, 1992, respondent mailed a notice of deficiency to Clark G. Davis and Linda R. Davis determining a deficiency in, and additions to, their Federal income tax for the 1984 taxable year as follows: Additions to Tax
Deficiency
Sec. 6653(b)(1) [1]
Sec. 6653(b)(2)
Sec. 6661
$ 6,684
$ 7,092
[2]
$ 3,546
*328 Clark G. Davis (petitioner) filed a timely petition for redetermination with the Court on July 14, 1992. [2] Petitioner resided in Collinsville, Illinois, at the time of filing the petition. Respondent filed a timely answer, including affirmative allegations in support of her determination that petitioner is liable for additions to tax for fraud. Petitioner failed to file a reply to respondent's answer within the 45-day time period prescribed in Rule 37(a), prompting respondent to file a motion for entry of an order that undenied allegations in the answer be deemed admitted pursuant to Rule 37(c). The Court subsequently granted petitioner's motion for a 30-day extension of time to reply to respondent's motion for an order under Rule 37. Nonetheless, petitioner failed to file a reply to respondent's answer. Consequently, the Court granted respondent's motion under Rule 37(c), and the undenied allegations set forth in respondent's answer *329 were deemed admitted. See Doncaster v. Commissioner, 77 T.C. 334, 336 (1981); Gilday v. Commissioner, 62 T.C. 260, 261 (1974). The following facts set forth in respondent's answer to the petition were deemed admitted under Rule 37(c): (a) During the year 1984, petitioner was employed as an officer of the Mid-America Bank and Trust Co. (b) During the year 1984, petitioner placed orders for certificates of deposits with the firms of Vining-Sparks Securities, Inc. (Vining-Sparks) and U.S.A.Continental Investors Group (U.S.A.Continental). (c) In consideration for placing the orders for certificates of deposit with Vining-Sparks and U.S.A.Continental, petitioner received an amount of money (hereinafter referred to as a kickback) out of the commissions from the purchases of the certificates of deposit. (d) The petitioner received his kickbacks either directly, through an individual by the name of Angelo Parato, or through the Kagnew Consulting Corporation. (e) In 1984, petitioner received approximately $ 43,720.00 in kickbacks from the commissions for the purchase of certificates of deposit. (f) Some or all of the *330 kickback money was deposited into a bank account in the name of petitioner at First National Bank of Clayton in the name of the petitioner, which account was set up by Angelo Parato but over which petitioner had sole authority to withdraw funds. (g) The petitioner knew that he would receive compensation for the placement of the CD orders through Vining-Sparks and U.S.A.Continental, and that if he had not placed the orders through these particular firms, he would not receive compensation. (h) The petitioner knew that he would receive no set percentage of kickbacks but that he would get whatever Angelo Parato wanted to give the petitioner. (i) The petitioner willfully made and subscribed a return for the year 1984 in which the petitioner reported $ 51,104.00 of adjusted gross income. (j) The petitioner knew that there were additional funds which should have been included in his adjusted gross income, specifically, the petitioner knew he had additional adjusted gross income of approximately $ 43,720.00. (k) Petitioner failed to report kickbacks for the year 1984 in the amount of $ 43,720.00 in furtherance of his fraudulent attempt to evade the payment of income taxes due from the *331 petitioner for the year 1984. (1) As a result of the fraudulent failure to report kickbacks in the amount of $ 43,720.00, in the year 1984, the amount of $ 14,183.00, which is the underpayment of tax attributable to the omitted kickbacks for the year 1984, was due to fraud on the part of the petitioner.
Respondent subsequently moved for summary judgment on all issues. Respondent's motion for summary judgment was set for hearing in Washington, D.C. [3] Counsel for respondent appeared at the hearing and presented argument on the motion. Petitioner did not appear at the hearing nor did he file a statement with the Court pursuant to Rule 50(c). *332 Discussion
Summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Considering the record as a whole, we are convinced that the issues pertaining to petitioner's liability for the deficiency and additions to tax in dispute may be considered for summary adjudication. The factual allegations deemed admitted under Rule 37(c) establish that petitioner failed to report $ 43,720 of gross income from kickback payments during 1984. Since the admitted facts clearly establish that there is no genuine issue of material fact with respect to the deficiency for the year in issue, respondent is entitled to summary judgment on that issue. See James v. United States, 366 U.S. 213 (1961); see also Blohm v. Commissioner, T.C. Memo. 1991-636, *333 affd.   F.2d    (11th Cir., July 9, 1993). Respondent also determined that petitioner is liable for an addition to tax under section 6661(a) which imposes an addition to tax of 25 percent of the amount of any underpayment of income tax attributable to a substantial understatement. Pallottini v. Commissioner, 90 T.C. 498 (1988). The admitted facts establish that petitioner substantially understated his income tax liability for 1984 and, therefore, respondent is entitled to summary judgment for the addition to tax pursuant to section 6661(a). Section 6653(b)(1) provides that if any part of the underpayment of tax is due to fraud, there will be an addition to tax equal to 50 percent of the underpayment. Section 6653(b)(2) provides for an addition to tax equal to 50 percent of the interest due on the portion of the underpayment that is attributable to fraud. Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. Zell v. Commissioner, 763 F.2d 1139, 1142-1143 (10th Cir. 1985), affg. T.C. Memo. 1984-152; Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), *334 affg. T.C. Memo. 1966-81, and cases cited therein. Respondent has the burden to prove fraud for each year by clear and convincing evidence. Sec. 7454(a); Rule 142(b). Fraud is a question of fact to be resolved upon consideration of the entire record and is never presumed. Estate of Pittard v. Commissioner, 69 T.C. 391, 400 (1977). Respondent's burden of proving fraud can be met by facts deemed admitted pursuant to Rule 37(c). Doncaster v. Commissioner, 77 T.C. at 337. In this case petitioner is deemed to have admitted that: (1) He received kickback income in 1984; and (2) he fraudulently failed to report kickback income for the year 1984 in the amount of $ 43,720 in an attempt to evade the payment of Federal income tax. We find that the facts deemed admitted pursuant to Rule 37(c) satisfy respondent's burden of proving fraud. Doncaster v. Commissioner, 77 T.C. at 337. [4] Consequently, respondent is entitled to summary judgment for the additions to tax pursuant to section 6653(b)(1) and (2). *335 Respondent's motion for summary judgment will be granted as to all issues. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. This addition to tax was determined based on an underpayment of $ 14,183. The underpayment exceeds the deficiency because of an amount previously assessed from an amended return. Respondent further determined that the additions to tax for fraud do not apply to Linda R. Davis. Respondent also determined, in the alternative, that, if the fraud additions do not apply to Clark G. Davis, the additions to tax for negligence under sec. 6653(a)(1) and (2) should apply against both Clark G. Davis and Linda R. Davis.↩
2. Since part of the underpayment was previously assessed, this portion of the addition was determined to be $ 1,514, plus 50 percent of the interest due on $ 6,684.↩
2. Linda R. Davis filed a separate petition assigned docket No. 15995-92.↩
3. On June 14, 1993, petitioner filed a motion to change place of hearing. Petitioner did not indicate that he desired to present testimony or submit other evidence in this case. Rule 50(b)(2) provides that hearings on motions will normally be held in Washington, D.C., and that the Court may direct a hearing in another location which serves the convenience of the parties and the Court. Petitioner has not shown compelling reasons for changing the place of hearing of this matter. No evidence was submitted at the hearing, and the Court is not making any findings of fact based on the hearing. Bolton v. Commissioner, T.C. Memo. 1990-181↩. Accordingly, petitioner's motion to change place of hearing was denied. See also Rule 50(c).
4. See also Marshall v. Commissioner, 85 T.C. 267 (1985); Cruise v. Commissioner, T.C. Memo. 1992-688; Asher v. Commissioner, T.C. Memo. 1992-377; Eisenstein v. Commissioner, T.C. Memo. 1987-241; Dimsdale v. Commissioner, T.C. Memo. 1987-53; Ricotta v. Commissioner, T.C. Memo. 1986-508; Twist v. Commissioner, T.C. Memo. 1986-497; Siravo v. Commissioner, T.C. Memo. 1986-482; Jackson v. Commissioner, T.C. Memo. 1986-15↩.