T.C. Memo. 1997-555


UNITED STATES TAX COURT


LLOYD D. SHEPHERD, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23963-96.                    Filed December 22, 1997.


Timothy Patrick Assaf, for petitioner.

Russell D. Pinkerton and Peter Reilly, for respondent.


MEMORANDUM OPINION

ARMEN, Special Trial Judge: This matter is before the Court on respondent's Motion for Summary Judgment filed pursuant to Rule 121.[1] As explained in greater detail below, we will grant respondent's motion.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

Respondent issued a notice of deficiency to Lloyd D. Shepherd (petitioner) determining deficiencies in and additions to his Federal income taxes for the taxable years and in the amounts as follows:

| | | Additions to Tax | | |
| | | Sec. | Sec. | Sec. |
| Year | Deficiency | 6651(a) | 6653(a)(1) | 6654 |
| 1988 | $4,994 | $1,248.50 | $249.70 | $320.74 |
| 1989 | 5,553 | 1,388.25 | -- | 376.04 |
| 1990 | 5,385 | 1,346.25 | -- | 393.91 |
| 1991 | 5,811 | 1,452.75 | -- | 334.24 |
| 1992 | 5,722 | 1,430.50 | -- | 249.56 |
| 1993 | 3,449 | 862.25 | -- | 144.50 |

The notice of deficiency includes an explanation that, in the absence of adequate records, respondent reconstructed petitioner's taxable income for the years in issue based upon an indirect method of proof.

Petitioner invoked this Court's jurisdiction by filing a timely petition for redetermination.[2]  Respondent filed a timely answer to the petition.

Respondent subsequently served petitioner with a request for admissions (with attached exhibits) pursuant to Rule 90(a), and filed the same with the Court pursuant to Rule 90(b).  Petitioner failed to respond to respondent's request for admissions.  As a consequence, each matter set forth therein is deemed admitted

_____

[2]  At the time that the petition was filed, petitioner resided at Union City, Indiana.

pursuant to Rule 90(c).[3]  Alexander v. Commissioner, 926 F.2d
197, 198-199 (2d Cir. 1991), affg. T.C. Memo. 1990-315; Marshall
v. Commissioner, 85 T.C. 267, 272 (1985); Morrison v.
Commissioner, 81 T.C. 644, 647 (1983).

The following is a summary of the matters that petitioner is
deemed to have admitted pursuant to Rule 90(c).

Petitioner was pastor of the Cornerstone Baptist Church in
Union City, Indiana, during the taxable years 1988 through 1993.
Petitioner did not file income tax returns for the taxable years
1988 through 1993.  Petitioner had taxable income in the amounts

---

[3]  Rule 90 states in pertinent part:

**(a) Scope and Time of Request:** A party may serve
upon any other party a written request for the
admission, for purposes of the pending action only, of
the truth of any matters which are not privileged and
are relevant to the subject matter involved in the
pending action, but only if such matters are set forth
in the request and relate to statements or opinions of
fact or of the application of law to fact, including
the genuineness of any documents described in the
request. * * *

* * * * * * *

**(c) Response to Request:** Each matter is deemed
admitted unless, within 30 days after service of the
request or within such shorter or longer time as the
Court may allow, the party to whom the request is
directed serves upon the requesting party (1) a written
answer specifically admitting or denying the matter
involved in whole or in part, or asserting that it
cannot be truthfully admitted or denied and setting
forth in detail the reasons why this is so, or (2) an
objection, stating in detail the reasons therefor.
* * *

of $19,930, $21,599, $21,736, $23,369, $23,221, and $15,201 during the taxable years 1988, 1989, 1990, 1991, 1992, and 1993, respectively.  Petitioner is liable for deficiencies in income tax in the amounts of $4,994, $5,553, $5,385, $5,811, $5,722, and $3,449 for the taxable years 1988, 1989, 1990, 1991, 1992, and 1993, respectively.

Petitioner is also deemed to have admitted, pursuant to Rule 90(c), the following matters:

Petitioner has provided no reasonable cause for his failure to file income tax returns for the taxable years 1988 through 1993.  Petitioner is liable for the additions to tax pursuant to section 6651(a)(1) for each of the years in issue as determined in the notice of deficiency.  Petitioner has provided no basis for his failure to pay estimated taxes for the taxable years 1988 through 1993.  Petitioner is liable for the additions to tax pursuant to section 6654(a) for each of the years in issue as determined in the notice of deficiency.  Petitioner's failure to file his tax return for 1988 is due to negligence or disregard of rules or regulations.  Petitioner is liable for the addition to tax pursuant to section 6653(a)(1) for the taxable year 1988 as determined in the notice of deficiency.

As indicated, respondent filed a Motion for Summary Judgment seeking judgment in respondent's favor on all issues.  Respondent contends that the matters deemed admitted in this case pursuant

to Rule 90(c) establish that petitioner is liable for the deficiencies and the additions to tax as determined by the respondent in the notice of deficiency.

On November 3, 1997, the Court issued an order calendaring respondent's motion for hearing and directing petitioner to file a response to respondent's motion by November 21, 1997. The order also included a reminder to the parties of the applicability of Rule 50(c). Petitioner failed to file a response to respondent's motion.

Respondent's motion was called for hearing at the motions session of the Court held in Washington, D.C., on December 3, 1997. Counsel for respondent appeared at the hearing and presented argument in support of the motion. No appearance was entered by or on behalf of petitioner, nor did petitioner file a statement with the Court pursuant to Rule 50(c).

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v.

Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Rule 121(d) states that:

> When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, then a decision, if appropriate, may be entered against such party.

See King v. Commissioner, 87 T.C. 1213, 1217 (1986). The moving party, however, bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). Summary judgment is appropriate where the facts deemed admitted pursuant to Rule 90(c) support a finding that there is no genuine issue as to any material fact. Morrison v. Commissioner, 81 T.C. 644, 651-652 (1983).

Based upon our review of the record, and as a consequence of petitioner's failure to respond to respondent's Motion for Summary Judgment, we are satisfied that there is no genuine issue of material fact and that respondent is entitled to judgment as a matter of law.

The deficiencies determined by respondent in this case arise from a reconstruction of petitioner's taxable income because of petitioner's failure to provide respondent with adequate records or file income tax returns for the taxable years in issue.  The factual allegations deemed admitted by petitioner under Rule 90(c) establish:  (1) Petitioner received taxable income during the years in issue in the amounts determined in the notice of deficiency; (2) petitioner failed to establish reasonable cause for his failure to file income tax returns and has provided no basis for his failure to pay estimated taxes during the years in issue; (3) petitioner is liable for the addition to tax pursuant to section 6653(a)(1) for the taxable year 1988; and (4) petitioner is liable for the deficiencies and additions to tax for the years in issue as determined by respondent in the notice of deficiency.

In sum, the factual allegations deemed admitted by petitioner under Rule 90(c) establish that respondent's determinations with respect to petitioner's liabilities for the deficiencies and additions to tax for the taxable years 1988 through 1993 are correct, and we so hold.

In the absence of any dispute as to a material fact in this case, we will grant respondent's Motion for Summary Judgment.

To reflect the foregoing,

<u>An order granting respondent's</u>
<u>Motion for Summary Judgment and decision</u>
<u>will be entered</u>.