**In re Walter SWEETEN a/k/a Walter T. Sweeten, Debtor.**

**Bankruptcy No. 84–00874K.**

United States Bankruptcy Court, E.D. Pennsylvania.

Jan. 15, 1986.

David A. Searles, Philadelphia, Pa., for debtor.

Richard L. Gerson, Philadelphia, Pa., for DeSimone.

James Wade, Philadelphia, Pa., trustee.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

A debtor's motion for an award of expenses and attorneys' fees, pursuant to Fed.R.Civ.P. 37(c), is before the Court. For the reasons stated, we will grant the motion.

On March 16, 1984, Walter Sweeten ("debtor") filed a petition under Chapter 7 of the Bankruptcy Code ("Code").[1] On April 4, 1984, the debtor filed a motion to avoid the judicial lien of DeSimone, Inc. ("DeSimone"). On May 7, 1984, DeSimone filed a reply to the motion, denying the allegations as to the fair market value of the debtor's property and the liens on that property.

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Bankruptcy Rules.

On July 5, 1984, the debtor served upon DeSimone a "Request for Admissions", pursuant to Fed.R.Civ.P. 36(a), requesting DeSimone to admit the truth of the following statements within thirty (30) days:

1. Walter Sweeten, a/k/a Walter Sweeten owns the premises at 3345 N. Lee Street, Philadelphia, PA and at 3415 Kip Street, Philadelphia, PA in fee simple.

2. The fair market value of 3345 N. Lee Street is $3,500.00; the fair market value of 3415 Kip Street is $3,000.00.

3. The premises of 3345 N. Lee Street is security for a mortgage issued by Beneficial Consumer Discount Company, 7206 Frankford Avenue on January 3, 1984 in the amount of $5,000.00.

4. On November 20, 1979, Beneficial Consumer Discount obtained a judgment in mortgage foreclosure in the amount of $6,620.97 against the debtor in the Philadelphia Court of Common Pleas, October Term, 1979, No. 1153.

5. On November 15, 1981 the City of Philadelphia obtained a judgment of $1,280.00 against the debtor in the Philadelphia Court of Common Pleas, December Term, 1981, No. 4679.

6. On August 18, 1983, the United States of America obtained a lien against the debtor at 3415 Kip Street in the amount of $14,056.60.

On July 19, 1984, DeSimone served its reply to the "Request for Admissions" upon the debtor. The reply stated:

Answers 1 through 6 inclusive. Answering party, DeSimone, Incorporated, through its attorney, Richard L. Gerson, Esquire, avers that, after reasonable investigation, it is without knowledge or information sufficient to form a belief as to the truth of the Request for Admissions, Numbers 1 through 6 inclusive and therefore denies same and demands strict proof thereof at the time of trial.

By letter dated July 27, 1984, debtor's counsel requested DeSimone to reconsider its general denial of the "Request for Admissions" and to provide notice of any evidence it might have that the requested admissions were not true. By letter dated August 3, 1984, counsel for DeSimone replied that he had no idea of the fair market values of the debtor's properties, that he did not intend to hire an appraiser to ascertain the values, and that he did not intend to run a judgment search to determine the existing liens on the properties.

On August 14, 1984, a hearing was held on the motion to avoid the lien of DeSimone. The debtor testified that he owned the properties in question, that there was a federal tax lien of approximately $14,000.00 encumbering the two (2) properties, that real estate taxes were owed on the properties in the amount of approximately $3,000.00, and that there was a mortgage foreclosure judgment of $6,620.97 on the Lee Street property. He also testified that these encumbrances existed at the time that DeSimone obtained its judgment of $4,678.13 on January 19, 1984.

Counsel for DeSimone did not offer any evidence at the August 14th hearing. The matter was continued to August 23, 1984 to permit the debtor to present testimony from an expert real estate appraiser regarding the fair market value of the two (2) properties.

On August 23, 1984, the day of the scheduled hearing, counsel for DeSimone contacted the debtor's counsel and informed him that DeSimone was withdrawing its opposition to the debtor's motion. We entered an Order on the same day granting the motion and avoiding the lien of DeSimone.

On September 12, 1984, the debtor filed the instant motion for payment of expenses and attorneys' fees pursuant to Fed.R. Civ.P. 37(c).

Rule 37(c), applicable to this matter through Bankruptcy Rules 7037 and 9014, provides:

*Expenses on Failure to Admit.* If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the doc-

ument or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit.

The debtor contends that DeSimone was without reasonable ground in believing that it might prevail on the matters which it failed to admit; therefore, the debtor seeks reimbursement from DeSimone for the expenses incurred in proving (and preparing to prove) those matters which DeSimone failed to admit prior to the hearings scheduled for August 14th and August 23rd.

The motion seeks an award of $944.48, which includes: $74.48 in lost wages for the day that the debtor appeared in Court; $70.00 for the real estate appraisal; and $800.00 for eight (8) hours of legal services rendered by debtor's counsel at $100.00 per hour.

In order to determine whether DeSimone's failure to admit the existence and amounts of the liens in question and the fair market value of the debtor's properties, was without "reasonable ground", thereby justifying an award of sanctions to the debtor, we turn to the express language of Fed.R.Civ.P. 36(a), governing Requests for Admission.

Rule 36(a) provides in pertinent part:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request ... The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, ...

If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. *An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny.* A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; he may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why he cannot admit or deny it.

Rule 36(a) expressly permits requests to encompass "any matters within the scope of Rule 26(b)", and Rule 26(b) in turn, permits discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claims or defense of any other party". These two (2) rules, when read together, permit requests for admissions to address claims of the party seeking discovery; and, as a general rule, the party asserting a claim bears the burden of proof thereon. Thus, it matters not if the plaintiff bears the burden of proof on the issues that he requests the defendant to admit. *City of*

*Rome v. United States,* 450 F.Supp. 378, 383 (D.D.C.1978), *aff'd* 446 U.S. 156, 100 S.Ct. 1548, 64 L.Ed.2d 119 (1980).

■ Nor does it matter if the plaintiff seeks admissions on so-called "ultimate facts". Rule 36(a) neither expressly nor implicitly excepts such facts from its requirements. Indeed, the rule expressly states that a party may not refuse to respond to a request merely on the ground that the "matter for which an admission has been requested presents a genuine issue for trial". *Id.*

■ For the purposes of our discussion here, the key phrase in Fed.R.Civ.P. 36(a) is "reasonable inquiry". A party's response to a request for admissions, grounded merely upon insufficient information, without a showing that reasonable inquiry was made, is *inadequate* by the express provisions of Rule 36. *See Household Finance Corp. v. Manley* (In re Manley), 3 B.R. 97, 98 (Bankr.S.D.N.Y.1980); *see also Webb v. Westinghouse Electric Corp.,* 81 F.R.D. 431 (E.D.Pa.1978).

■ Although DeSimone complied with the literal language of the Rule by averring that, "after reasonable investigation", it was "without knowledge or information sufficient to form a belief as to the truth of the Request for Admissions", the evidence presented shows that DeSimone *did not,* in fact, make a reasonable inquiry into the matters sought to be admitted and was unwilling to do so. *See letter of DeSimone's counsel to debtor's counsel,* dated August 3, 1984.

■ The purpose of requests for admissions is not necessarily to obtain information, but to narrow the issues for trial. *Id.* at 436. Therefore, we find, on the basis of the record presented, that the matters sought to be admitted by the debtor were well within the scope of Rule 36, and that DeSimone's general denial of such matters, without reasonable inquiry, justifies an award of sanctions to the debtor in the amount requested. An appropriate Order follows.