**NATIONAL ADVERTISING COMPANY, INC.,**

v.

**Robert DICK, Richard Dick, Sharon Dick, and the United States of America.**

**No. IP 84–1565–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

June 24, 1986.

William R. Clifford, of Clifford & Goshall, Anderson, Ind., for plaintiff.

Robert Shearer, Anderson, Ind., for defendants.

David M. Wise, Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

STECKLER, District Judge.

This matter is before the Court on defendant The United States' motion for summary judgment pursuant to Fed. R. Civ. P. 56. Having considered the motion and being duly advised in the premises, the Court finds that defendant's motion for summary judgment should be granted.

This suit is an interpleader action originally filed by the plaintiff, National Advertising Company, Inc., in the Madison County Court. The complaint alleges that plaintiff has received a billing invoice in the amount of $4,628.08 from Robert Dick for services performed on behalf of plaintiff. Moreover, defendant The United States served plaintiff with a notice of levy with respect to federal income tax liabilities owed by defendants Richard and Sharon Dick. The United States contends that the services were performed by Richard Dick and therefore the payment is due Richard Dick. Plaintiff, National Advertising Company, Inc., has delivered to the Clerk the sum of $4,628.08. The United States removed the suit to federal court pursuant to 28 U.S.C. § 1441, 1442 and § 1446.

On or about July 22, 1985, the United States served defendant Robert Dick its request for admissions wherein the United States requested Robert Dick to admit: (1) that the services were performed by Richard Dick; (2) that the payment due from National Advertising Company, Inc. for the services are due to Richard Dick; and (3) that Richard Dick did not perform any of the services in question as an employee of Robert Dick. Defendant Robert Dick has not denied or otherwise responded to the request. The above facts are deemed admitted by Robert Dick's failure to respond, Fed.R.Civ.P. 36; *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir.1981); *Anchorage-Hynning & Co. v. Moringiello*, 697 F.2d 356 (D.C. Cir.1983), and may form the basis for findings of fact in an order for summary judgment. *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650 (2d Cir.1983); *Chrapliwy v. Uniroyal, Inc.*, 458 F.Supp. 252, 258 (N.D. Ind.1977).

The United States moves for summary judgment contending that Robert Dick

billed the plaintiff for the services in question as Richard Dick's nominee and the true beneficial owner of the right of action against the plaintiff was Richard Dick. The United States further alleges that its federal tax lien attached to the funds now before the Court.

Defendant Robert Dick has not responded to the motion for summary judgment.

Finding no genuine issue of fact and that defendant The United States is entitled to judgment as a matter of law, the Court now enters its findings of fact and conclusions of law.

### Findings of Fact

1. On the following dates a delegate of the Secretary of the Treasury made assessments against defendants Richard J. Dick and Sharon Dick for unpaid income taxes in the following sums:

| Year | Date of Assessment and Notice and Demand | Tax |
| --- | --- | --- |
| 1976 | March 5, 1979 | $ 5,685.34 |
| 1977 | March 19, 1979 | 4,058.37 |
| 1978 | May 25, 1979 | 3,890.04 |

2. On August 2, 1979, a Notice of Lien with respect to the above assessments was filed with the Recorder of Madison County, Indiana.

3. These taxes and the accrued interest thereon remain unpaid as of this date.

4. On August 2, 1984, the Internal Revenue Service served a Notice of Levy with respect to the above liabilities on the plaintiff, the National Advertising Company, Inc., regarding any funds owed to Richard J. Dick.

5. The plaintiff has commenced an interpleader action regarding $4,628.08 which was billed to it in the name of Robert Dick, Richard J. Dick's father, and which it acknowledges owing for sign painting performed in the vicinity of Marion, Indiana.

6. The above sign painting services were performed by Richard J. Dick.

7. These sign painting services were billed to the plaintiff in the name of Robert Dick.

8. In billing the plaintiff for these services in his own name, the defendant Robert Dick was acting as Richard Dick's nominee.

### Conclusions of Law

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 2410.

2. By operation of 26 U.S.C. § 6321, the United States acquired liens in the amounts of the foregoing assessments with respect to all property and rights to property of the defendants Richard J. Dick and Sharon Dick.

3. The right to receive the interpleaded $4,628.08 from the plaintiff for sign painting services performed in the vicinity of Marion, Indiana, belonged to Richard J. Dick rather than Robert Dick, even though the latter's name appeared on the invoices submitted to the plaintiff.

4. Because of Robert Dick's failure to respond to The United States' requests for admission, all facts set forth therein are deemed admitted pursuant to Fed.R.Civ.P. 36. *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir.1981); *Anchorage-Hynning and Co. v. Moringiello*, 697 F.2d 356 (D.C.Cir.1983).

5. The subject federal tax liens and the ensuing levy served on the plaintiff attached to the interpleaded funds. *See* 26 U.S.C. § 6321.

6. The United States is entitled to receive payment of the interpleaded funds from the plaintiff.

7. Upon full payment to the United States, the plaintiff shall be discharged from all liability arising from or connected with the services billed to it in the amount of $4,628.08 in the name of Robert Dick.