**UNITED STATES of America, Plaintiff,**

v.

**Luigi M. DiFONZO and Diane J. DiFonzo, Defendants.**

**Civ. A. No. 83–3569–MA.**

United States District Court,
D. Massachusetts.

Aug. 20, 1986.

Deborah S. Meland, Trial Atty., Washington, D.C., for U.S.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

This is an action to recover unpaid federal income taxes. Defendants are Luigi M. and Diane J. DiFonzo. The United States asserts that Luigi DiFonzo owes unpaid taxes for the years 1973 through 1977 and that Luigi and Diane DiFonzo together owe an unpaid tax for the year 1980; the government also seeks penalties and interest. The DiFonzo's vigorously litigated the propriety of service of process, but since that was accomplished in November, 1984 they have been silent. They have not responded to the government's interrogatories, requests for production of documents and requests for admissions. The United States has now moved for summary judgment. For the reasons explained, that motion must be granted.

### I.

The government has submitted copies of Luigi DiFonzo's federal income tax returns for 1974, 1975, 1976 and 1977. These returns show that DiFonzo reported to the government an income tax liability for each year: in 1974, $22,538; in 1975, $8,589; in 1976, $31,733; in 1977, $7,549. For each of those years, the government has also filed copies of the notice and demand for payment it sent to DiFonzo. The government has also submitted copies of documents which indicate that DiFonzo agreed, after an audit, to pay $502,915.27 in taxes, penalties and interest for 1973. Finally, the government has filed the income tax return filed by both DiFonzo's for 1980 which reports a tax due of $1,294. None of these tax liabilities have been paid.

In July, 1985, the United States filed an interrogatory and requests for admissions. Luigi DiFonzo was asked to admit that the documents just described—the income tax returns, notices of assessment and demands for payment, and the correspondence with the Internal Revenue Service—were valid and showed he owed the government what it said he did. Diane DiFonzo was asked in an interrogatory whether she denied any of the statements her husband Luigi was being asked to admit. Neither DiFonzo responded. Since well more than thirty days have passed since the requests for admissions were filed, and Luigi DiFonzo has not sought more time in which to respond, he must be deemed to have admitted every statement set forth in the requests for admissions. Fed.R.Civ.P. 36.

Moreover, a federal tax assessment is presumed correct until the taxpayer can prove, by a preponderance of the evidence, that it is not. *United States v. Rexach*, 482 F.2d 10, 17 (1st Cir.), *cert. denied*, 414 U.S. 1039, 94 S.Ct. 540, 38 L.Ed.2d 330 (1973). Here, of course, the DiFonzo's have not even embarked on such a task; they have simply ignored this matter since the brief skirmish over service of process. This principle is particularly appropriate here where the government's tax assessments are based almost entirely on tax returns filed by the defendants in which the defendants report their tax liability.

It is true that in November, 1985, Luigi DiFonzo's former counsel filed an affidavit from a psychiatrist who had been treating DiFonzo for a "severe, recurrent depression with suicidal tendencies" for over a year. But that cannot excuse the complete absence of any responsive pleading or other submission; Luigi DiFonzo's current psychological difficulties, if any, do not change the fact that he told the government he owed it taxes and then for whatever reasons did not pay. There is no suggestion that Luigi DiFonzo was incompetent when he filed the tax returns on which these assessments are based. Moreover, Diane DiFonzo, who is not alleged to suffer from any mental or physical disability, has also not responded to the government's interrogatory.

The government is entitled to summary judgment if it is able to show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Stepanischen v. Merchants Despatch Transportation Corp.*, 722 F.2d 922, 928 (1st Cir.1983). I must conclude that the Government is entitled to summary judgment.

■ The DiFonzo's income tax returns and the other documents indicate that they owe the government a substantial amount of taxes, penalties and interest. Defendants' opposition to the government's summary judgment motion suggests that defendants could challenge some of the government's documents; perhaps, counsel speculates, DiFonzo did not really sign the tax returns, or perhaps the accountant who negotiated with the IRS over DiFonzo's 1973 tax liability lacked authority to do so. But this argument is unavailing. Counsel cannot defeat summary judgment by arguing that had he been able to spend more time with defendants perhaps they could have raised some factual disputes. Defendant has had ample time to respond to the government's allegations. He cannot avoid indefinitely his obligation to pay his taxes by refusing to speak to his counsel and refusing to appear and participate in this proceeding. *See United States v. Rexach,* 482 F.2d at 17.

### Conclusion

Accordingly, the government's motion for summary judgment against both defendants, Luigi and Diane DiFonzo, is granted.

SO ORDERED.