IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10746
_____

In the Matter of: JOHN H. CARNEY,

Debtor

--------------------

JOHN H. CARNEY

Appellant,

versus

INTERNAL REVENUE SERVICE

Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
--------------------
July 16, 2001

Before HIGGINBOTHAM and BENAVIDES, Circuit Judges, and
DUPLANTIER, District Judge.[*]

BENAVIDES, Circuit Judge:

John H. Carney appeals from an adverse summary judgment in

his challenge to the validity of tax deficiency claims made

against him by the Internal Revenue Service (IRS).  The

deficiencies stem from the IRS's determination that certain

partnership investments by Carney lacked economic substance, and

hence could not support tax credits and depreciation deductions

_____

[*]District Judge of the Eastern District of Louisiana, sitting by
designation.

that Carney claimed.  We AFFIRM the grant of summary judgment based on Carney's Rule 36(a) deemed admission that the proof of claim filed by the IRS in his bankruptcy proceeding accurately described his tax obligations.

## FACTUAL AND PROCEDURAL BACKGROUND

Carney, an attorney licensed to practice in Texas, participated as a limited partner in the Cinema '84 and Cinema '85 limited partnerships (the Cinema Partnerships) from 1984 through 1989.  On his tax returns for these periods, Carney claimed deductions, depreciation, and tax credits with respect to his investments in the Cinema Partnerships.  In 1991, the IRS determined that the Cinema Partnerships were tax shelter investments lacking economic substance.  Consequently, credits and deductions claimed by individual Cinema partners, such as Carney, were no longer viable.  In 1992, the Cinema Partnerships' tax matters partner petitioned the Tax Court for judicial review of the IRS's determination.[1]

In January 1995, Carney filed a petition for relief under Chapter 11 of the Bankruptcy Code.[2]  The petition was later

---

[1] On September 1, 2000, the Tax Court dismissed the Cinema Partnerships proceedings for failure to prosecute.

[2]  As a partner, Carney was originally a party to Cinema Partnerships' Tax Court proceeding.  Carney's bankruptcy petition severed him from that case, however.  *See* 26 U.S.C. §§ 6226(d)(1)(A), 6231(c)(2); Treas. Reg. §301.6231(c)-7T(a), 52 Fed. Reg. 6779, 6793 (1987).

2

converted to Chapter 7.  In May 1995, the IRS filed a proof of claim against Carney relating, inter alia, to unpaid federal income taxes from the 1984, 1985, 1986, 1987 and 1989 tax years. The claimed deficiencies stemmed from the IRS's disallowance of the deductions and credits claimed by Carney in relation to the Cinema Partnerships and the Bellbrook Joint Venture Partnership. Carney did not object to the IRS's proof of claim.  In December 1995, the IRS issued to Carney notices of deficiencies and penalties with respect to the claimed obligations.  Carney received a general bankruptcy discharge in December 1996.

The IRS assessed the 1986, 1987 and 1989 deficiencies and penalties on July 16, 1997, and the 1984 and 1985 deficiencies and penalties on August 11, 1997.  When the IRS attempted to collect the assessments in 1998, Carney commenced the present action in the bankruptcy court seeking a determination that his obligations had been discharged.  Carney later amended his complaint to challenge the validity of the claimed deficiencies. After a period of discovery and negotiation, the IRS moved for summary judgment in September 1999.  In addition to responding to the IRS's motion for summary judgment, Carney filed a motion to compel responses to certain interrogatories and requests for production previously served on the IRS, as well as a request for a scheduling order setting a future date to hear summary judgment arguments.

The bankruptcy court granted the IRS's motion for summary judgment. As to the validity of the deficiency claims, the court stated that Carney failed to produce sufficient evidence creating a material fact question with respect to his claim for the deductions and tax credits. Alternatively, the court held that Carney's failure to respond to the IRS's requests for admission created a deemed admission conclusively establishing the validity of the IRS's claims. With respect to the dischargeability of the tax claims, the court relied on Bankruptcy Code sections 523(a)(1)(A) and 507(a)(8)(A)(iii) to hold that the taxes owed were non-dischargeable because they were assessable, but not assessed at the time that Carney filed his bankruptcy petition. *See* 11 U.S.C. §§ 523(a)(1)(A); 507(a)(1)(A)(iii). The court denied Carney's discovery requests, concluding that Carney "could have and should have been diligent in filing his Motion to Compel Discovery Responses, but he was not." The court suggested that Carney made his motion to compel discovery "as some sort of defensive measure in order to distract the Court's attention from the Summary Judgment Motion." Carney appealed these rulings to the district court, which affirmed summarily. This appeal followed.

## DISCUSSION

Pursuant to section 158(d) of Title 28, this Court exercises jurisdiction over the bankruptcy court's final orders fixing the

4

amount of Carney's tax debt and holding that debt to be non-dischargeable. 28 U.S.C. § 158(d). Carney has waived the dischargeability issue on appeal by failing to offer a legal or factual explanation of how the bankruptcy court erred when it held his tax obligations non-dischargeable. *See American States Ins. Co. v. Bailey*, 133 F.3d 363, 372 (5th Cir. 1998) ("Failure to provide any legal or factual analysis of an issue results in waiver.").[3] Thus, our review focuses on the bankruptcy court's summary judgment that the IRS's amended proof of claim correctly stated the value of Carney's tax obligations.

Carney essentially argues that the bankruptcy court granted summary judgment in this case prematurely, before the IRS had responded to his discovery requests. His appellate brief and oral argument have both focused on the bankruptcy court's consideration of allegedly improper evidence introduced by the IRS to challenge Carney's credibility with respect to his motion to compel discovery. If the bankruptcy court considered improper evidence when denying his motion to compel, Carney reasons that the grant of summary judgment should be overturned. In the alternative, Carney maintains that his affidavit testimony

---

[3] Even if Carney had not waived error, his failure to present any evidence to rebut the IRS's explanation that his tax obligations fall within the exception to discharge described in section 523(a)(1)(A) and 507(a)(8)(A)(iii) would support the grant of summary judgment on this issue.

creates a genuine issue of material fact as to his entitlement to claimed credits and deductions.

Carney's arguments neglect his own failures to comply with the Federal Rules of Civil Procedure governing discovery. As explained below, Carney's failure to respond to the IRS's Federal Rule of Civil Procedure 36 request that he admit the accuracy of the IRS's proof of claim conclusively established the validity of that claim.[4] Carney's attempt to contradict this admission through his affidavit testimony is precluded by the plain language of Rule 36 and this Circuit's precedent. Though Rule 36 allows litigants to request leave to withdraw or amend an admission, Carney never made such a motion before the bankruptcy court in this case. Consequently, we affirm the grant of summary judgment based on Carney's deemed admissions.

We review orders granting summary judgment de novo, guided by the same standard as the bankruptcy and district courts: Federal Rule of Civil Procedure 56. *Stults v. Conoco, Inc.*, 76 F.3d 651, 654 (5th Cir. 1996). Pursuant to Rule 56, a party may obtain summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

---

[4] Bankruptcy rule 7036 provides that Federal Rule of Civil Procedure 36 operates in bankruptcy proceedings. BANKR. R. 7036.

material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The IRS argues, and the bankruptcy court alternatively held, that Carney admitted the validity and value of the IRS's deficiency claims by failing to respond to the IRS's Rule 36 requests for admission. Specifically, Carney failed to respond to the IRS's request that he admit the following: "You owe the [IRS] the taxes reflected on the Proof of Claim attached hereto as Government Exhibit 1." According to the IRS, this admission resolves all material fact questions regarding the validity of its claims against Carney.

Federal Rule of Civil Procedure 36(a)states in pertinent part:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.  ....
> The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter....

FED. R. CIV. PROC.  36(a)(West 2001).  Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact.

7

*See, e.g., Stubbs v. Comm'r Internal Rev.*, 797 F.2d 936, 938 (11th Cir. 1986); *Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 253 (6th Cir. 1979). *C.f. Playboy Enterprises, Inc. v. Welles*, 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of law."); *Kosta v. Connolly*, 709 F. Supp. 592, 594 (E.D. Pa. 1989)(suggesting that Rule 36 should not be employed to establish facts that are obviously in dispute). Such breadth allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters. WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 2254 (1994). For Rule 36 to be effective in this regard, litigants must be able to rely on the fact that matters admitted will not later be subject to challenge. *American Auto Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1119 (5th Cir. 1991). Thus, Rule 36(b) provides that "[a]ny matter admitted . . . is conclusively established unless the court on motion permits withdrawal or amendment of the admission." FED. R. CIV. PROC. 36(b).

This Circuit has stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b). *American Auto*, 930 F.2d at 1120. In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of

8

the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case. *American Auto*, 930 F.2d at 1119 (citations omitted); FED. R. CIV. P. 36(b).  Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission.  *United States v. Kasuboski*, 834 F.2d 1345, 1350 n. 7 (7th Cir. 1987) ("[R]ule 36(b) allows withdrawal of admissions if certain conditions are met and the district court, in its discretion, permits the withdrawal."); *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 652 (2d Cir. 1983) ("Because the language of [Rule 36(b)] is permissive, the court is not required to make an exception to Rule 36 even if both the merits and the prejudice issues cut in favor of the party seeking exception to the rule.").  Like other discovery rulings, we review rulings granting or denying leave to withdraw or amend Rule 36 admissions for abuse of discretion.  *American Auto*, 930 F.2d at 1119.

Carney does not dispute that he failed to respond to the IRS's requests for admission.  Instead, he first argues that he and the IRS entered into informal stipulations pursuant to Rule 29 according to which he had 10 days to respond to the requests for admission from the date that the IRS complied with its discovery obligations to him.  This argument is without merit

because Carney fails to support his Rule 29 argument by identifying a written stipulation agreement altering the 30-day time limit for replying to the IRS's discovery requests. FED. R. CIV. P. 29(a) (requiring "written stipulation" for extension of response periods provided for in the rules of procedure).

Alternatively, Carney argues that the bankruptcy court should have allowed him to file responses to the IRS's requests for admission out of time. This argument fails because Carney never filed a Rule 36(b) motion requesting leave to amend the admissions in the bankruptcy court. Rather than move the court for permission to withdraw the admissions prior to or concurrently with the IRS's motion for summary judgment in accordance with the Rule 36(b), Carney made no effort to address the effect of the default admissions. He cannot make such a motion for the first time on appeal. *See Stults v. Conoco, Inc.*, 76 F.3d 651, 657 (5th Cir. 1996); *Wright v. Hartford Acc. & Indem. Co.*, 580 F.2d 809, 810 (5th Cir. 1978) ("It is a well-accepted rule that an appellate court will not review actions of omission or commission by a trial court unless the defendant makes known to the court the action which he desires the court to take or his objection to the action taken by the court and the grounds therefor.")(quotations omitted). Even if we were to construe Carney's motion to compel as requesting the bankruptcy

court for leave to withdraw the deemed admissions, he has not convinced the Court that the district court's denial of such a request would have constituted an abuse of discretion.[5]

Federal Rule of Civil Procedure 56(c) specifies that "admissions on file" can be an appropriate basis for granting summary judgment. FED. R. CIV. PROC. 56(c). Since Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgement stage by contradictory affidavit testimony or other evidence in the summary judgment record. *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985); *Kasuboski*, 834 F.2d at 1350. *See also American Auto*, 930 F.2d at 1119 (default admissions cannot be overcome by conflicting trial testimony).[6]

---

[5] In *Dukes*, we affirmed a district court's decision to strike out of time responses to a Rule 36 request for admissions based on the court's findings that the plaintiffs had been "evasive and dilatory throughout the litigation." *Dukes*, 770 F.2d at 549. Though never asked by Carney for leave to file out of time responses, the bankruptcy court's opinion reflects its general impression that Carney had not been diligent during the discovery phase of the case and had made his motion to compel "to distract the Court's attention from the summary judgment motion." This language in the bankruptcy court's opinion suggests that it would have had a basis to deny a request for leave to file amended responses, had it been asked to do so.

[6] Various federal courts from around the country have relied on default admissions to support a grant of summary judgment. *See*, *e.g.*, *United States v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992); *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Stubbs*, 797 F.2d at 938 (11th Cir. 1986); *Campbell v.*

Instead, the proper course for a litigant that wishes to avoid the consequences of failing to timely respond to Rule 36 requests for admission is to move the court to amend or withdraw the default admissions in accordance with the standard outlined in Rule 36(b).

Carney did not avail himself of the procedural mechanism for attempting to avoid the effect of his default. Consequently, application of this Court's precedent applying the plain language of Rule 36 compels us to conclude, on the record before us, that the validity of the tax deficiencies stated in the IRS's proof of claim has been conclusively established. We note that other courts have reached similar results in tax cases.[7] Moreover,

---

*Spectrum Automation Co.*, 601 F.2d 246, 253 (6th Cir.1979); *Chicago Dist. Council of Carpenters Pension Fund v. P.M.Q.T.*, 169 F.R.D. 336, 341 (N.D. Ill. 1996); *Wallace v. Best Western Northeast*, 183 F.R.D. 199, 202-3 (S.D. Miss. 1995); *Cereghino v. Boeing Co.*, 873 F.Supp 398, 401 (D. Or. 1994); *Gardner v. Borden, Inc.*, 110 F.R.D. 696, 697 (S.D. W.Va. 1986); *In re Niswonger*, 116 B.R. 562, 565 (Bankr. S.D. Ohio 1990); *In re Sweeten*, 56 B.R. 675, 677 (Bankr. E.D. Pa. 1986) (all noting that Rule 36 allows party to seek admissions as to matters dispositive of a case and granting summary judgment on basis of deemed admissions).

[7]*See Stubbs*, 797 F.2d at 938 (affirming grant of summary judgment against taxpayer on challenge to tax obligations because "facts deemed admitted by [the plaintiff] established his liability" for the asserted deficiencies and penalties); *National Advertising Co., Inc. v. Dick*, 640 F. Supp 1474, 1475 (S.D. Ind. 1986) (plaintiff's failure to respond to IRS's requests for admission supported summary judgment for IRS as to IRS's ability to levy on certain funds to satisfy settled tax obligation); *United States v. DiFonzo*, 654 F. Supp. 263, 264 (D. Mass. 1986) (granting

this Court has affirmed a grant of summary judgment based on default admissions coupled with a district court's denial of a request to withdraw those admissions. *See Dukes*, 770 F.2d at 548. Carney's failure to move the bankruptcy court to withdraw his admission prior to or concurrently with the IRS's motion for summary judgment simply compels affirmance of the grant of summary judgment. Like the Seventh Circuit,

> We recognize the potential harshness of this result. The failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of a case. This result, however, is necessary to insure the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure. In addition, the harshness is tempered by the availability of the motion to withdraw admissions, a procedure which [Carney] did not employ.

*Kasuboski*, 834 F.2d 1345.

Because of Carney's default admissions, we need not explore in detail the bankruptcy court's alternative holding that summary judgement was appropriate based on the absence of genuine material fact.[8] Similarly, we need not address Carney's argument

---

summary judgment for IRS after taxpayers were deemed to have admitted validity of notices of assessments and demands for payment pursuant to Rule 36). *See also Alexander v. C.I.R.*, 926 F.2d 197, 197 (2d Cir. 1991) (affirming grant of summary judgment based on default admissions of taxpayer's liability pursuant to Tax Court Rule 90(c)).

[8] The bankruptcy court rejected Carney's affidavit testimony as conclusory, and thus determined that Carney had presented "no

on appeal that summary judgment should have been deferred to allow more discovery, since the deemed admission is conclusive as to the central factual issue in his case.[9]  Finally, the discovery issues that form the crux of Carney's argument on appeal are irrelevant since additional discovery could not alter our resolution of the summary judgment against him.[10]

---

competent summary judgment evidence" supporting his claims to the deductions and credits.  Because Carney's affidavit contains specific factual allegations supporting its conclusions, we would have had reservations dismissing it simply as conclusory.  *See Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 513 (5th Cir. 1999) (en banc) (distinguishing conclusory statements from conclusions based on specific facts).  For example, Carney's affidavit specifies that the Cinema Partnerships acquired specific films for distribution using cash and recourse promissory notes.  The affidavit testimony also indicates that partners assumed pro rata liability in bank debt that was used to market films.  Nevertheless, because of Carney's lack of diligence in responding to the IRS's request for admission we cannot reach these issues.

[9] We note, however, that Carney again failed to properly raise this issue before the bankruptcy court by filing a Rule 56(f) motion and explaining specifically how additional discovery would aid his attempt to respond to the IRS's motion for summary judgment.  *See Robbins v. Amoco Prod. Co.*, 952 F.2d 901, 907 (5th Cir. 1992) (requiring Rule 56(f) motion that specifically demonstrates how additional discovery will establish a genuine issue of material fact).  So long as the default admissions remain in the record, no amount of additional discovery could overcome their effect.

[10] Carney argues that entry of testimony regarding the facts surrounding a state court contempt order was error, since the order was vacated on appeal to the Texas Supreme Court.  *See Ex parte Carney*, 903 S.W.2d 345 (Tex. 1995).  This Court previously held that introduction of the contempt order prejudiced Carney's substantial rights in an unrelated criminal proceeding.  *See*

14

CONCLUSION

For our litigation system to work effectively, litigants must comply with the Federal Rules of Civil Procedure. Carney's plight in this case exemplifies how repeated failures to do so ultimately preclude a party from presenting the merits of his case. Carney complains that the bankruptcy court should not have rendered summary judgment based on a default admission, but he never moved the court to withdraw the admission. Similarly, Carney argues that the court should have deferred granting summary judgment to allow for more discovery, but he filed only a motion to compel discovery at the same time as his reply to the IRS's motion for summary judgment, not a Rule 56(f) motion as required in this Circuit. Carney's pattern of non-responsiveness to the mandates of our rules of procedure require affirmance of the summary judgment against him.

---

*United States v. Fisher*, 106 F.3d 622 (5th Cir. 1997), *abrogated in part by Ohler v. United States*, 529 U.S. 753, 120 S.Ct. 1851 (2000). Neither the contempt conviction nor this Court's reversal of Carney's criminal conviction have any relevance to the merits of this tax case. We need not reach Carney's evidentiary complaints in so far as they relate to the bankruptcy court's ruling on his motion to compel, since further discovery could not have altered our resolution of this case. We note, however, that it is apparent from the record that the bankruptcy judge recognized that the state contempt conviction had been overturned and that this Court had overturned Carney's federal criminal conviction.

DUPLANTIER, District Judge, Dissenting:


I respectfully dissent. The majority opinion affirms the summary judgment entered against plaintiff on the sole basis that plaintiff did not timely file a denial of the following request for admission: "You owe the taxes reflected on the Proof of Claim attached hereto as Government Exhibit 1."

Rule 36(a) of the Federal Rules of Civil Procedure permits the service by one party upon the other of a "written request for the admission ... of the truth of any matters within the scope of Rule 26(b)(1)[11] set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . . ." Whatever "any matters . . . that relate to statements or opinions of fact or of the application of law to fact" may mean, it is beyond the intent of the Rule to countenance a request for admission such as the one by the I.R.S., which can be paraphrased: "Admit that we win the case."

Clearly, Rule 36 can be used to request admissions of <u>fact</u> which effectively dispose of all of the issues in a case, with the result that the propounding party would be entitled to

---

[11] Rule 26(b)(1) permits discovery regarding any matter relevant to the claim or defense of any party.

summary judgment in the absence of a denial.  But the request at issue was not that plaintiff admit any facts, but that he admit that he owed the taxes which in his complaint he denied owing.

Clearly, Carney displayed a complete lack of diligence in failing to respond to the request that he admit that he owed the taxes at issue and in failing to move to withdraw the admission pursuant to Rule 36(b).  Such conduct on the part of an attorney is not to be condoned.  However, Carney made it clear to the trial court throughout the proceedings that he never intended to give up his claim that the income tax deductions disallowed by the I.R.S. were in fact genuine and lawful.  Indeed, as footnoted by the majority, the court had before it Carney's affidavit containing specific factual allegations to support his contention that the partnerships were not merely sham tax shelters but instead were operating entities.  Had Carney been given the opportunity to do so and had he succeeded in proving those allegations he likely would have obtained the judgment he sought.  Under such circumstances, dismissal of his suit is a draconian penalty for failure to file another denial that he owed the taxes.

Plaintiff's various other written submissions pending at the time summary judgment was entered should have been construed as a request to withdraw the deemed admission that his claim lacked

merit.  His affidavit evidence submitted in response to the motion for summary judgment created genuine issues of  material fact sufficient to defeat that motion.  I would reverse the summary judgment and remand.