IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20839
Summary Calendar

_____


DR MARGARET P WILLIE

Plaintiff – Appellant

V.

WHARTON COUNTY JUNIOR COLLEGE; SUE LANE McCULLEY, individually,
and in her official capacity; GLENDA G HUNT, individually, and in her official
capacity.

Defendants – Appellees

--------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. H-00-CV-1722
--------------------------------------------------------------
March 7, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Appellant Margaret Willie ("Willie") filed suit in the district court for the Southern District

of Texas, contending that appellants Wharton County Junior College ("Wharton"), Sue Lane

McCulley ("McCulley") and Glenda Hunt ("Hunt") violated 42 U.S.C. § 1981 ("Section 1981"),

42 U.S.C. § 1983 ("Section 1983") (premised upon a violation of procedural due process), Title

_____

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000-e] ("Title VII") and state law by removing her from her position as the head of the Department of Social and Behavioral Sciences at Wharton. The district court granted summary judgment on Willie's Title VII claim, concluding that the claim was barred by the statute of limitations. In a separate order, the district court granted summary judgment on Willie's Section 1981 and Section 1983 claims, concluding, as to the former, that Willie failed to offer evidence that tended to prove that the appellants' proffered non-discriminatory reason for the adverse employment was pretextual. As to the latter the district court concluded that Willie failed to offer evidence that tended to prove that she had a property interest in the department head position. Finally, in light of its ruling allowing the withdrawal of Wharton's deemed admissions, the district court denied a motion for summary judgment filed by Willie that was based solely on those admissions. Willie appeals all three orders. We affirm.

## BACKGROUND

Willie was hired to teach sociology at Wharton in 1991. In December 1994, Willie was appointed head of the Behavioral Science Department. As department head, Willie was paid $375 per semester, separate and apart from the pay she earned as an instructor. The department head duties assigned to Willie were at-will, i.e., Willie did not sign any contract providing that she would serve as department head. On December 14, 1998 Willie was notified that the Behavioral Science Department was being consolidated with the Criminal Justice Department and that the current department head of the Criminal Justice Department, Hunt, would be the department head for the consolidated department. The consolidation was part of a school-wide reorganization plan involving numerous departments. Ten months later Hunt, who was also a division head, decided that it would be better to have a department head who was not also division head. Per Hunt's recommendation, Linda Clark ("Clark"), an instructor in the Criminal Justice Department, was

made the department head of the consolidated department.

## ANALYSIS

"This Circuit reviews a district court's grant of summary judgment *de novo*, applying the same standard of review as would the district court." Merritt-Campbell, Inc. v. RxP Products, Inc., 164 F.3d 957, 961 (5th Cir. 1999). "Summary judgment is proper only when it appears that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Disputes concerning material facts are genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. An issue is 'material' if it involves a fact that might affect the outcome of the suit under the governing law." Id. (citation omitted). In determining whether a genuine issue of material fact precluding summary judgment exists, we view the evidence in the light most favorable to the non-movant and make all reasonable inferences in her favor. See Bussian v. RJR Nabisco, Inc., 223 F.3d 286, 293 (5th Cir. 2000).

### A.  Section 1981 Claim

Claims of employment discrimination brought under Section 1981 are subject to the same evidentiary framework as a Title VII claim. Harrington v. Harris, 118 F.3d 359, 367 (5th Cir. 1997). After the plaintiff has offered evidence establishing a prima facie case of discrimination and the defendant has proffered a legitimate non-discriminatory reason for the adverse employment action, the plaintiff must offer evidence from which a reasonable jury could conclude that adverse employment action was a product of intentional discrimination. Reeves v. Sanderson Plumbing Prod., 530 U.S. 133, 142-43 (2000). A plaintiff may do so by demonstrating that a defendant's articulated nondiscriminatory rationale was pretextual. Harris, 118 F.3d at 367. "A plaintiff may demonstrate pretext either by showing that a discriminatory motive more likely motivated the employer, or that the employer's explanation is unworthy of credence." Id. at 367-

68.

Here, Willie attempted to create a triable issue of material fact by demonstrating that the legitimate non-discriminatory reason given by appellants, i.e. that due to the re-organization a department head had to be eliminated, was pretextual. She did not do so. Willie points to six separate "facts" as creating a triable issue. Her first "fact," i.e., that, contrary to policy, the decision to remove her was made by Hunt rather than the President or Vice President of Academic Affairs, is not supported by the evidence. The evidence indicates that Hunt was merely delegated the duty to inform Willie of the decision. The same is true of her fifth "fact," i.e., that, contrary to policy, the vacancy created when Hunt decided to step down as department chair was never formally announced. Willie failed to offer evidence that it was the policy of the college to announce such openings. Willie's four other facts, i.e., (1) Willie was the first and only African-American individual to hold an administrative position at Wharton College; (2) Plaintiff did a good job as department head; (3) Hunt admitted that she sought the consolidated department head position for "selfish reasons;" and (4) Willie was more qualified than Clark[2], simply do not tend to prove that the proffered legitimate non-discriminatory reason is pretextual.

**B.     Title VII Claim**

Although the district court granted summary judgment on the Title VII claim on other grounds, entry of judgment on this claim, which is based upon the same facts as the Section 1981 claim, is also appropriate because Willie failed to offer any evidence of intentional discrimination. See Seneca v. Phillips Petroleum Co., 963 F.2d 762 (5th Cir. 1992) (noting that the court of

---

[2]We have held that the hiring of a less qualified candidate can constitute evidence of pretext when the "disparities in curricula vitae" are so great that they "virtually [] jump off the page and slap us in the face." Odom v. Frank, 3 F.3d 839, 847 (5th Cir. 1993) The district court concluded that any differences in qualifications here were insufficient. Having reviewed the record, we agree.

appeals can affirm on different grounds than those relied upon by the district court, including the absence of a triable issue of material fact).

**C.      Section 1983**

To establish a violation of procedural due process, the plaintiff must first establish a protected life, liberty or property interest.  Baldwin v. Daniels, 250 F.3d 943, 946 (5th Cir. 2001).  Willie has failed to offer evidence which establishes a property interest in the department head position.  It is undisputed that Willie had no contractual entitlement to the department head position and that the assignment was intended to be at-will.  Willie's assertion that she had a liberty interest in the department head position is unsupported by analysis or authority.  See Noel v. Andrus, 810 F.2d 1388 (5th Cir. 1987) ("[W]e [have] held that mere nonrenewal of a teacher's contract is not such a blight upon his good name, reputation, honor, or integrity as to constitute a deprivation of liberty.") (citation omitted).  Accordingly, entry of summary judgment on this claim was appropriate.

**D.      Discovery Ruling**

Finally, Willie challenges a discovery ruling of the district court, striking deemed admissions.  We review a district judge's decision to permit the withdrawal of deemed admissions for an abuse of discretion.  In re Carney, 258 F.3d 415, 419 (5th Cir. 2001).  "In order to allow withdrawal of a deemed admission, Fed. R. Civ. P. 36(b) requires that a trial court find that withdrawal or amendment:  1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case."  Id.  The district court applied the two-part test.  Willie does not argue that the withdrawal failed to serve the presentation of the case on its merits, and the district court properly concluded that Willie suffered no actionable prejudice from the withdrawal.  Accordingly, we find no abuse of

discretion.

## CONCLUSION

In light of the foregoing discussion, the judgment of the district court is hereby AFFIRMED.