**In re MIRANT CORPORATION,
et al., Debtors.**

**Sacramento Municipal Utility
District, Appellant,**

v.

**Mirant Americas Energy Marketing
LP, Appellee.**

No. 4:04–CV–800–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Feb. 16, 2005.

Jason M. Rudd, Diamond McCarthy Taylor & Finley, Houston, TX, for Appellant.

Robin E. Phelan, Ian T. Peck, Haynes & Boone, Dallas, TX, for Appellee.

Dennis Michael Lynn, Fort Worth, TX, pro se.

*MEMORANDUM OPINION*
and *ORDER*

MCBRYDE, District Judge.

This action comes before the court as an appeal from a judgment of the United

States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, the Honorable Dennis Michael Lynn presiding. The court, having considered the briefs of appellant, Sacramento Municipal Utility District, and appellee, Mirant Americas Energy Marketing LP, the record on appeal, and applicable authorities, finds that the bankruptcy court's judgment should be affirmed.

## I.

### *Jurisdiction*

The appeal is from a judgment denying the applicability of the doctrine of recoupment as urged by appellant. This court's jurisdiction exists pursuant to 28 U.S.C. § 158.[1]

## II.

### *Underlying Proceedings*

Appellant and appellee were parties to a natural gas purchase agreement dated June 3, 1998. Pursuant to the agreement, appellant agreed to purchase natural gas from appellee by making periodic orders for gas, the orders memorialized by confirmation letters. In July 2003, appellee and a number of its affiliates commenced Chapter 11 proceedings. Following commencement of its Chapter 11 case, appellee continued to perform under the agreement, delivering gas to appellant as required by various confirmation letters. On October 22, 2003, appellee filed a motion to reject the agreement and outstanding confirmation letters, which the bankruptcy court granted by order entered November 6, 2003.

Appellant subsequently filed a proof of claim in the amount of Two Million Eight Hundred Twelve Thousand Six Hundred Eighty–Four and 00/100 Dollars ($2,812,684.00) based on the rejection of its agreement with appellee. Appellant further asserted a right to recoup its claim against Two Million Seven Thousand Four Hundred Eighty–Seven and 69/100 Dollars ($2,007,487.69) owing to appellee for gas deliveries made in October and November 2003. Pursuant to an agreed order, appellant paid the money owing to appellee, but reserved the right to pursue the matter of recoupment. Appellant subsequently commenced an adversary proceeding seeking to enforce the doctrine of recoupment. Appellant and appellee filed cross-motions for summary judgment and the bankruptcy court determined that the doctrine of recoupment did not apply to the facts before it. From that determination, appellant appeals.

## III.

### *Issue on Appeal*

The sole issue on appeal is whether the doctrine of recoupment allows appellant to apply the price of gas it purchased from appellee against the damages owed by appellee for rejection of the agreement between them.

---

**1.** By order signed January 26, 2005, the court raised the issue of whether the court had jurisdiction over this appeal inasmuch as appellant had referred only to the bankruptcy court's memorandum opinion signed September 1, 2004, and not to the final judgment signed September 20, 2004, in its notice of appeal. On February 4, 2005, appellant filed its response to the motion. Appellee did not make any reply. Having considered appel-

lant's brief, the court is satisfied that jurisdiction exists. As the Fifth Circuit has noted, if there is an error in designating the judgment from which appeal is taken, the error should not bar the appeal if the intent to appeal a particular judgment can be fairly inferred and if the appellee is not prejudiced or misled by the mistake. *In re TransAmerican Natural Gas Corp.*, 978 F.2d 1409, 1414 (5th Cir. 1992). Such appears to be the case here.

## IV.

### *Standard of Review*

■ As this is an appeal from a summary judgment, the court reviews the bankruptcy court's factual findings for clear error and its legal conclusions and mixed questions of fact and law *de novo*. *In re Carney*, 258 F.3d 415, 418 (5th Cir. 2001); *In re Mercer*, 246 F.3d 391, 402 (5th Cir.2001). The standard for granting summary judgment in an adversary proceeding is the same as under Rule 56 of the Federal Rules of Civil Procedure. Bankr.R. 7056. Summary judgment is appropriate if, in viewing the evidence in the light most favorable to the nonmovant, the court determines that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. *Id.* at 256, 106 S.Ct. 2505. Once the moving party has carried its burden under Fed.R.Civ.P. 56(c), the nonmoving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson*, 477 U.S. at 248, 256, 106 S.Ct. 2505. An issue is material only if its resolution could affect the outcome of the action. *Id.* at 248, 106 S.Ct. 2505. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Simmons v. Lyons*, 746 F.2d 265, 269 (5th Cir.1984).

## V.

### *Whether Recoupment Should be Allowed*

■ As the United States Supreme Court has made clear, claims arising as a result of the rejection of an executory contract must be presented through the normal administration process by which claims are estimated and classified. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 530, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984). In other words, rejection claims are accorded the same treatment and priority as the claims of other general unsecured creditors. 11 U.S.C. §§ 365(g)(1) & 502(g). Recoupment operates as an exception to the statutory priorities of claims in a bankruptcy case and, thus, is narrowly construed. *Herod v. Southwest Gas Corp. (In re Gasmark Ltd.)*, 193 F.3d 371, 374 (5th Cir.1999); *United States v. Dewey Freight Sys., Inc. (In re Dewey Freight Sys., Inc.)*, 31 F.3d 620, 623 (8th Cir.1994).

■ Recoupment allows a defendant to reduce the amount of a plaintiff's claim by asserting a claim against the plaintiff that arose out of the same transaction to arrive at a just and proper liability on the plaintiff's claim. *Gasmark*, 193 F.3d at 374 (quoting *In re U.S. Abatement Corp.*, 79 F.3d 393, 398 (5th Cir.1996)). In order for recoupment to apply, the obligations must arise out of a single integrated transaction so that it would be inequitable for the debtor to enjoy the benefits of the transaction without also meeting its obligations. *Id.* at 374–75. For example, recoupment is appropriate when a buyer erroneously overpays a seller for goods or services. Recoupment is allowed to prevent a windfall to the debtor in the overpayment context. *Id.* at 375.

■ In this case, despite appellant's arguments to the contrary, there is no inequity to be remedied. Appellee is not being unjustly benefitted. Rather, appellant benefitted from appellee's delivery of gas and now seeks to offset payment for the gas against the breach of contract dam-

ages arising from appellee's rejection of the contract. For the reasons discussed in *Dewey,* explained in the bankruptcy court's opinion and in appellee's brief, allowance of recoupment would not be appropriate.

## VI.

### *Order*

For the reasons discussed herein,

The court ORDERS that the memorandum opinion and order and final judgment from which appeal is taken be, and are hereby, affirmed.