# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-60403
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 17, 2020

Lyle W. Cayce
Clerk

CHARLES STROUD, SR., individually and as wrongful death representative of Charles Stroud, Jr.,

     Plaintiff - Appellant

v.

WALMART, INCORPORATED, both Delaware Corporations, doing business as Walmart Stores, Incorporated,

     Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:18-CV-110

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

    Charles Stroud, Sr. appeals the entry of summary judgment on his claims for negligence and products liability against Wal-Mart. Stroud alleges that his fifteen-year-old son ("Decedent") died after he intentionally inhaled Ultra Duster—a keyboard cleaner an adult relative purchased for him from

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60403

Wal-Mart.  Stroud's claims are for defective design and failure to warn under the Mississippi Products Liability Act and negligence in designing, testing, manufacturing, marketing, and selling Ultra Duster.

The district court granted summary judgment to Wal-Mart on three separate grounds, finding that (1) Stroud's admissions conclusively stated that Wal-Mart is not liable for Decedent's death, (2) Stroud lacked expert testimony necessary to prevail on a Mississippi Products Liability Act claim, and (3) Stroud failed to demonstrate a genuine dispute of material fact as to whether Wal-Mart proximately caused Decedent's death.  Stroud appeals to this court. We affirm.

This court reviews the grant of summary judgment de novo, applying the same standard as the district court.  *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442 (5th Cir. 2009).  The district court's underlying decision to deny Stroud's motion to withdraw admissions is reviewed for abuse of discretion.  *See Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 549 (5th Cir. 1985).

The district court first entered summary judgment for Wal-Mart based on Stroud's default admissions, which encompassed the totality of his claims. Stroud argues that the district court abused its discretion by denying his motion to withdraw or amend these admissions.  The Federal Rules state a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3).  A party can move the court to withdraw or amend an admission.  FED. R. CIV. P. 36(b).  Upon such motion, a court may permit withdrawal or amendment if it promotes the presentation of the merits *and* if the court is not persuaded that such an allowance prejudices the opposing

party in maintaining or defending the action on the merits.  *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).  "Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission."  *Id.*

Here, on July 18, 2018, Wal-Mart requested admissions on fifteen different statements, including the statement that "Wal-Mart is not liable to Plaintiff for Decedent's death."  But Stroud failed to respond by the August 18 deadline.  On October 10, Wal-Mart filed a Motion to Compel.  The court ordered briefing on the Motion to Compel, but Stroud again failed to respond.  The court then entered a Show Cause Order, requiring Stroud to show cause why it should not dismiss the case.  Only after the Show Cause Order did Stroud respond to the request for admissions.  On October 23, Wal-Mart moved to strike these responses as untimely.  Stroud failed to respond to the motion, and the court granted the motion as unopposed.  On January 5, 2019, the day after discovery closed, Stroud filed a Motion to Withdraw or Amend Admissions.  The district court found that withdrawing the admissions after the close of discovery would unfairly prejudice Wal-Mart.  Additionally, the district court noted that the unexplained delay in response merited denying the Motion, even if prejudice was not shown.

The district court did not abuse its discretion when denying Stroud's Motion.  The district court found Wal-Mart would have been prejudiced by allowing Stroud to amend his admissions after the various deadlines passed.  Also, the district court correctly noted that Stroud's dilatory manner in responding to deadlines and prosecuting the case was sufficient to prevent the admissions from being withdrawn.  *See Williams v. Wells Fargo Bank, NA*, 560 Fed. App'x 233, 244 (5th Cir. 2014) (stating that a party could be prohibited

from withdrawing their admissions when they were not diligent in seeking relief); *Le v. Cheesecake Factory Rests., Inc.*, 2007 WL 715260, at *3 (5th Cir. Mar. 6, 2007) (holding that a district court did not abuse its discretion in denying a motion to withdraw admissions when a party did not seek withdrawal of a default admission until two days before discovery closed and offered no explanation for the delay).  Because the district court did not abuse its discretion in denying Stroud's admissions and because the admissions encompass the totality of Stroud's claims, the district court properly granted summary judgment to Wal-Mart.

We conclude that the district court did not err in granting summary judgment based on Stroud's admissions.  We need not review the other independent grounds on which the district court granted summary judgment. The district court's grant of summary judgment is affirmed.