United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-31121
Summary Calendar

---

IN THE MATTER OF:  WEST DELTA
OIL COMPANY, INC.

Debtor,

I.G. PETROLEUM, LLC,

Appellee,

versus

MICHAEL A. FENASCI; PERRIN C. BUTLER,

Appellants.

---

IN THE MATTER OF:  WEST DELTA
OIL COMPANY, INC.

Debtor,

BUTLER & BUTLER; PERRIN C. BUTLER;
MICHAEL A. FENASCI; FENASCI &
ASSOCIATES, INC.,

Appellants,

versus

I.G. PETROLEUM, LLC,

Appellee.

---
--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana

(01-CV-1163-J; 01-CV-1760-J; 02-CV-1228-J)
--------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    This appeal arises in the context of the Chapter 11 bankruptcy of the Debtor, West Delta Oil Company, Inc. ("Delta") and pits Appellee I.G. Petroleum, LLC ("I.G."), a creditor of the Debtor, against two attorneys and their respective law firms (collectively, "Fenasci and Butler") who, on the recommendation of the Debtor's primary bankruptcy counsel, applied to the Bankruptcy Court and were authorized to serve as special counsel to the Debtor —— Fenasci in connection with particular matters relating to I.G., and Butler in connection with all matters regarding James Ingersoll, a shareholder.  The bone of contention in this facet of the bankruptcy proceedings is the ruling of the Bankruptcy Court, affirmed by the district court, that Fenasci and Butler are judicially estopped to assert claims against the Debtor for prepetition attorneys' fees purportedly owed to Fenasci and Butler by the Debtor but not disclosed in counsel's applications to be retained, or in their affidavits filed with in support of those applications, or in their postpetition applications for payment of fees, or even by amending their applications to make such

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

disclosures after being advised to do so by Debtor's primary bankruptcy counsel.[1]

In general, we review the rulings of the Bankruptcy Court under the same standard as does the district court when hearing a bankruptcy appeal. Questions of law are reviewed <u>de novo</u>; findings of fact are reviewed for clear error. As noted by the district court, however, review of the denial of a claim on the basis of judicial estoppel is reviewed for abuse of discretion.[2]

On the issue of judicial estoppel, our opinion in <u>Coastal Plains</u>[3] is central to the rulings of the Bankruptcy Court and the district court, as well as to the arguments of respective counsel for the parties. We have carefully reviewed the holdings and implications of <u>Coastal Plains</u>, just as we have the rulings of the Bankruptcy Court and the district court in the instant case, the record on appeal, and the appellate briefs of counsel for the parties. As a result, we are convinced that, irrespective of the standard applied in our review of the Bankruptcy Court's

---

[1] The Bankruptcy Court ruled against Fenasci and Butler on the alternative ground of failure to support their claims with the necessary documentation; but as we affirm the Bankruptcy Court's disallowance of the subject claims on judicial estoppel, we need not and therefore do not address the absence of supporting documentation. Neither do we address another basis asserted by Fenasci and Butler, i.e., failure to take judicial notice of matters in other proceedings; because even if noticed there would be no change in results.

[2] <u>See</u> <u>In Re: Coastal Plains, Inc.</u>, 179 F.3d 197 (5th Cir. 1999).

[3] <u>Id.</u>

disallowance of the claims of Fenasci and Butler on grounds of judicial estoppel, the subject ruling should be affirmed. Moreover, the reasons for affirming the Bankruptcy Court are clearly, completely, and correctly set forth by the district court in its craftsmanlike Order and Reasons filed August 21, 2002. As such, nothing would be gained by our writing further; rather, we adopt the opinion of the district court, incorporate it herein by reference, and append a copy hereto as the opinion of this court. AFFIRMED.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE WEST DELTA OIL COMPANY                    CIVIL ACTION

(U.S. Bankruptcy Court No. 99-10406, Section B)


VERSUS                                          NO: 01-1163

                                                c/w 01-1760

                                                c/w 02-1228


RONALD J. HOF, ET AL., appellees                SECTION: "J"(3)


**ORDER AND REASONS**

Before the Court is an appeal of the judgment of the bankruptcy court, entered on January 24, 2002, granting summary judgment in favor of I.G. Petroleum, L.L.C. ("IG"), appellees herein, on the issue of prepetition attorneys' fees claimed by appellants, Butler & Butler and Perrin C. Butler (collectively, "Butler"), and Fenasci & Associates, Inc. and Michael A. Fenasci (collectively, "Fenasci"). Upon considering the record, the briefs filed, the Bankruptcy Court's orders and reasoning, and the applicable law, the Court concludes that the judgment of the bankruptcy court should be **AFFIRMED**.

## Background

West Delta Oil Company ("West Delta") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on January 26, 1999.[4] In connection with the Chapter 11 proceeding, West Delta employed Ronald Hof as its bankruptcy counsel. Subsequently, the bankruptcy court authorized West Delta to retain Butler and Fenasci as special counsel to handle all matters regarding one particular shareholder, James Ingersoll. See Order, Bankr. Doc. 39. Later, the bankruptcy court authorized Fenasci to also handle certain matters relating to I.G.

---

[4] The general history of West Delta's bankruptcy proceeding is set forth in the Court's Order and Reasons issued in another appeal arising out of this case, and, therefore, need not be repeated in full herein. West Delta Oil Co. v. Hof, NO. CIV A. 01-1163, 2002 WL 506814 (E.D.La., Mar 28, 2002).

As required by bankruptcy law, Fenasci and Butler each executed affidavits in connection with their employment. See Fed. R. Bankr. Pro. 2014(a). Rule 2014(a) requires that any professional to be employed by the debtor in a bankruptcy proceeding provide "a verified statement ... setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." The Bankruptcy Code further provides for the employment of attorneys for the debtor who "do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a). Additionally, as was the case with Fenasci and Butler, an attorney who has represented the debtor may be employed "for a specified special purpose ... if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

Both Fenasci and Butler's affidavits disclosed that they had performed substantial prepetition legal work for West Delta. See Bankr. Doc. 36. However, neither attorney disclosed they had any prepetition claims of any kind in the motions to employ them as bankruptcy counsel or in their accompanying affidavits. To the contrary, Fenasci stated in his affidavit that he was a "disinterested person under 11 U.S.C. § 327," and both attorneys stated that they did not represent any adverse interest to West

7

Delta in the matters upon which they were to be engaged. The bankruptcy court approved the appointments, relying on the information disclosed in the affidavits and the motions to employ.

Despite the fact that neither Fenasci nor Butler disclosed that they held any prepetition claims in their affidavits, approximately one year later, on the March 30, 2000, bar date set by the bankruptcy court for all creditors to file proofs of claim, Fenasci filed a proof of claim for $187,000 in prepetition attorney's fees and Butler filed a similar claim for $69,400. IG moved for summary judgment dismissing those claims on the grounds that Fenasci and Butler were barred from recovering those fees under the doctrine of judicial estoppel, or, alternatively, because the claims lacked the necessary supporting documentation.[5]

The bankruptcy court agreed with IG's arguments, holding that the requirements for application of judicial estoppel, as set forth by the Fifth Circuit in In re: Coastal Plains, Inc., 179 F.3d 197 (5th Cir. 1999), were satisfied in this matter and that, therefore, the attorneys were barred from recovering their prepetition claims.

---

[5] The Court notes that in the schedules filed by West Delta pursuant to its filing of Chapter 11 bankruptcy, no outstanding claims of either Fenasci or Butler are listed among the 33 unsecured nonpriority claims. See Schedule F, Bankr. Doc. 9. In fact, Fenasci is listed in these documents as a former creditor to whom no amount is owed. See Statement of Financial Affairs, Bankr. Doc. 9. These are not insignificant claims; Fenasci's claim for $187,000 would be the second-largest of the unsecured claims; Butler's claim for $69,400 is exceeded by claim of just three creditors (excluding Fenasci). See Schedule F, Bankr. Doc. 9. Inclusion of these claims would increase the total liabilities of West Delta by over 32%. See Summary of Schedules, Bankr. Doc. 9.

See Bankr. Doc. 630, at 41. In analyzing judicial estoppel, the bankruptcy court further held that neither bad faith nor intentional non-disclosure was a required element of the doctrine, an argument advanced by the Fenasci and Butler to the bankruptcy court and on appeal to this Court. The bankruptcy court additionally agreed with IG's arguments concerning the insufficiency of documentation of the claims. Having found that the claims were judicially estopped, and, in the alternative, barred by insufficient documentation, the court granted IG's motion for summary judgment. See Judgment, Bankr. Doc. 615. Fenasci and Butler timely appealed that ruling.

## Standard of Review

This Court usually reviews a grant of summary judgment *de novo*, applying the same standards as applied by the bankruptcy court. See In re Carney, 258 F.3d 415, 418 (5th Cir. 2001). However, this matter is somewhat unique in that IG argued in its motion for summary judgment that the bankruptcy court should apply the doctrine of judicial estoppel to bar the attorneys' claims. The bankruptcy court granted the motion, concluding IG was correct that judicial estoppel should apply.

Whether to apply the doctrine of judicial estoppel lies soundly within the bankruptcy court's discretionary power, and, therefore, is reviewed for abuse of discretion. See Coastal, 179 F.3d at 205. Accordingly, while the issue of judicial estoppel was

9

raised in the context of a motion for summary judgment, the bankruptcy court's application of the doctrine to this matter is reviewed under an abuse of discretion standard.[6]  A bankruptcy court abuses its discretion if it fails to apply the proper legal standard or bases an award on findings of fact that are clearly erroneous.  In re U.S. Golf Corp., 639 F.2d 1197, 1201 (5th Cir. 1981).

## Discussion

### A.  Duty to Disclose

Fenasci and Butler do not dispute that they had an affirmative duty under Fed. R. Bankr. P. 2014 to disclose their prepetition claims, and that they failed to do so.  See App. Brief, Rec. Doc. 25, at 10.  As the Fifth Circuit discussed in Coastal, in a bankruptcy case "the importance of this disclosure duty cannot be overemphasized."  See Coastal, 179 F.3d at 208.[7]  According to the Coastal Court's reasoning, because of the heightened need for full

---

[6]  The Court notes that even if it were to review the bankruptcy court's grant of summary judgment on the issue of whether judicial estoppel was appropriate *de novo*, the result on appeal would be the same.

[7]  Although Coastal deals with the non-disclosure of the debtor, the importance of full disclosure is not lessened in the case of material non-disclosure of a creditor.  The court notes that "the integrity of the bankruptcy system depends on full and honest disclosure by debtors...[t]he interests of both the creditors...and the bankruptcy court...are impaired when the disclosure provided by the debtor is incomplete." Coastal, 179 F.3d at 208 (quoting Rosenshein v. Kleban, 918 F.Supp. 98, 104 (S.D.N.Y. 1996)(emphasis removed).  This is no less true when the lack of full and honest disclosure is on the part of a creditor.

and honest disclosure in a bankruptcy proceeding, when these attorneys failed to disclose their substantial claims as required by law, Fenasci and Butler in effect averred that no such claims existed.  See Coastal, 179 F.3d at 210.  Furthermore, in his affidavit, Fenasci represents that he "is a disinterested person under 11 U.S.C. § 327."  According to the definition of the term "disinterested person," found in 11 U.S.C.A. § 101(14)(A), one cannot be both a creditor and a disinterested person.  Therefore, by representing that he is disinterested, Fenasci represented that he was not a creditor of West Delta.

The attorneys argue that their failure to disclose resulted not from an intent to deceive the bankruptcy court, but out of inexperience in bankruptcy proceedings and ignorance of bankruptcy law.  They further assert that they relied on the guidance of Hof, West Delta's general bankruptcy counsel, in bankruptcy matters. Regarding these contentions, the Court notes that there is evidence in the record that Hof advised both Fenasci and Butler to amend their affidavits to disclose the claims sometime in the fall of 2000, and, yet, no such amendments were ever made.  See Bankr. Doc. 425, at 45.  Therefore, the Court is skeptical of the attorneys' argument.  However, even if Fenasci and Butler's failure to disclose the prepetition fees resulted from inexperience or lack of knowledge of bankruptcy law, as demonstrated herein, such a

11

justification would not be sufficient to preclude the application of judicial estoppel to their claims.

**B.     Doctrine of Judicial Estoppel and _Coastal_**

In _Coastal_, the Fifth Circuit provided a thorough analysis of the application of judicial estoppel arising from the failure to disclose a claim in a bankruptcy proceeding.  The court explained that judicial estoppel is a common law doctrine that prevents a party who has successfully established one position from adopting an inconsistent position in the same or subsequent proceedings. See _Coastal_, 179 F.3d at 205.  The purpose of the doctrine is "to protect the integrity of the judicial process," rather than the litigants themselves.  _Id._ (internal quotation marks omitted). "The doctrine is generally applied where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" _Id._ at 206 (_quoting_ _Scarabo v. Central R. Co._, 203 F.2d 510, 513 (3rd Cir. 1953)).

In _Coastal_, the debtor, Coastal Plains, Inc., sued a lender shortly after it filed bankruptcy for turnover of property and damages arising from the lender's prepetition possession of the property.  The bankruptcy court ordered that the lender turnover the property, but did not adjudicate Coastal's damages claim. Subsequently, Coastal's claim against the lender was sold, along with all of its assets, to Coastal's largest creditor.  The

12

creditor, in turn, pursued the damages claim against the lender and eventually obtained a multi-million dollar verdict against the lender. 179 F.3d at 202-03.

The lender appealed the verdict, arguing that the purchaser of the claim, as Coastal's successor, was judicially estopped from pursuing the claim because Coastal had failed to list the claim on its bankruptcy schedules. Judicial estoppel was rejected by both the bankruptcy court and the district court based on the reasoning that Coastal's failure to list the claim had been inadvertent. The Fifth Circuit reversed and held that the bankruptcy court abused its discretion in failing to apply judicial estoppel to bar the claim. 179 F.3d at 204.

In applying judicial estoppel to the case before it, the Fifth Circuit first identified the two key elements that must exist for the doctrine to apply: (1) the position of the party to be estopped is clearly inconsistent with its previous position; and (2) that party must have convinced the court to accept the previous position. Coastal, 179 F.3d at 206. The Fifth Circuit went on to note that some courts impose additional requirements. Most notably, and at issue herein, many courts impose the additional requirement that the party to be estopped must have acted intentionally, rather than inadvertently. Id. (citing Johnson v. Oregon Dept. of Human Resources, 141 F.3d 1361 (9th Cir. 1998); Folio v. City of Clarksburg, W.V., 134 F.3d 1211 (4th Cir. 1998); McNemar v. Disney Store, Inc., 91 F.3d 610 (3d Cir. 1996).

13

Contrary to Fenasci and Butler's arguments on appeal, the Fifth Circuit did not blanketly adopt other circuits' requirement of intent or bad faith in order for judicial estoppel to apply. Without explicitly adopting or rejecting the possibility of an "inadvertence defense" to judicial estoppel generally, the Coastal Court found that in bankruptcy cases, the failure to comply with a statutory disclosure duty is "'inadvertent' only when, in general, the [party] either lacks knowledge of the undisclosed claim *or* has no motive for their concealment." 179 F.3d at 210. The court went on to apply these elements to the case before it, finding that, first, the inconsistent positions prong was satisfied because "[b]y omitting the claims from its schedules and stipulation, Coastal represented that none existed." Id. The second prong was also met as the bankruptcy court clearly accepted Coastal's position that no claim existed when it was not listed on the schedules. Id.

Turning to the question of Coastal's claimed inadvertence, the Fifth Circuit found that it was not the type of "inadvertence" that precludes judicial estoppel, because Coastal both knew of the facts giving rise to the inconsistent positions and had a motive to conceal the claims. Coastal, 179 F.3d at 212. The court explained that Coastal's CEO, who signed Coastal's schedules, believed that Coastal had a claim against the lender when he signed the schedules even though the claims was not listed. Id. When asked by the bankruptcy court why the claim was not listed, the CEO responded

14

that Coastal relied on its attorneys who had more experience in bankruptcy proceedings to provide the appropriate information in the schedules.  Id.  He further testified that he was inexperienced with bankruptcy statements and that he followed his counsel's advice and conclusion that the claim had no value.  Coastal's CEO concluded that the omission of the claim had probably been an oversight.  Id.

The Fifth Circuit was unimpressed with Coastal's explanation, finding that it did not amount to a lack of knowledge of the undisclosed claim.  Moreover, the Court found that Coastal had a motive for concealing the claim as well.  Since Coastal believed the claim to be worth over ten million dollars, had the claim been disclosed, Coastal's unsecured creditors may have opposed lifting the stay and the bankruptcy court may have decided the issue differently.  Coastal, 179 F.3d at 213.  For all of those reasons, the Fifth Circuit found that it was error for the bankruptcy court not to apply judicial estoppel in that case.

C.  **Application of Judicial Estoppel to Fenasci and Butler's Claims**

At the conclusion of the January 9, 2002, hearing on IG's motion for summary judgment, the bankruptcy court granted the motion, explaining first that had it known of Fenasci and Butler's substantial claims against West Delta, it would never have appointed them special counsel or any other kind of counsel in the

15

bankruptcy proceedings. Bankr. Doc. 630, at 32. The court went on to state:

> I'm convinced that the moving party is entitled to summary judgment. I'm disallowing the claims on the basis, first, that judicial estoppel as spelled out by the Fifth Circuit in the Coastal case bars these claims. I find specifically that those standards from the Coastal case are met in this case because there was a failure to disclose. And I don't find that any bad faith is necessary but simple failure to disclose and a motive for not disclosing – well, I'm sorry. Knowledge of the claim and a motive for not disclosing it are sufficient under Coastal. And I find as a matter of fact that both existed here.
>
> ***
>
> I realize that this is a draconian remedy, but I'm convinced that there's sound basis under the reasoning of Coastal to deny these claims in toto. A summary judgment to that effect will be entered.

Id.

Upon reviewing the Fifth Circuit's opinion in Coastal, this Court concludes that the bankruptcy court applied the proper legal standard for judicial estoppel. As noted, despite Fenasci and Butler's arguments to the contrary, the Fifth Circuit does not require bad faith or intentional non-disclosure in bankruptcy cases. The Coastal Court clearly stated that, if the first two prongs of the judicial estoppel test are met, the only kind of indadvertence that precludes the application of the doctrine is if the party to be estopped had no knowledge of the undisclosed claim or had no motive to conceal the claim.

In this case, as a factual matter, the bankruptcy court found that: (1) Fenasci and Butler took inconsistent positions regarding

16

whether they had any claims against West Delta; (2) the bankruptcy court relied on the attorneys' first position that there were no such claims in allowing them to be employed as special counsel; and (3) the attorneys had knowledge of their claims and a motive for not disclosing the claims when they sought to be employed. The bankruptcy court's findings are clearly supported by record in this matter, particularly by Fenasci and Butler's failure to disclose in the motions to employ and their affidavits filed in conjunction therewith.

## Conclusion

Based on the record in this case and the applicable law, the Court finds that the bankruptcy court did not abuse its discretion in applying the doctrine of judicial estoppel to disallow Fenasci and Butler's prepetition claims for attorneys' fees. In light of that finding, it is not necessary to address appellants' alternative argument that the bankruptcy court erred in concluding that their applications for prepetition fees were not adequately supported. Accordingly;

**IT IS ORDERED** that the judgment of the bankruptcy court granting IG's motion for summary judgment on the issue of judicial estoppel is **AFFIRMED**.

New Orleans, Louisiana, this _____ day of August, 2002.

_____
CARL J. BARBIER

17

UNITED STATES DISTRICT JUDGE